## SETH OAKES v. JOSEPH P. WESTON.

### Evidence.

In case for injury to the plaintiff's horse, occasioned by the defendant's overloading and overtasking it in drawing a load of ashes with it and another horse, from C. to R., it was held, that the plaintiff could not ask witnesses who had previously drawn ashes over the same route, and who drew ashes in company with the defendant on the day of the alleged injury, and had testified as to the condition of the load that day, and as to the weight of the defendant's load, and that they were acquainted with the horses the defendant had, and knew about his wagon,—whether, in their opinion, the defendant's horses were unreasonably loaded, and what would have been a reasonable load, under the circumstances.

CASE for injury to the plaintiff's horse. Plea, the general issue, and trial by jury, September term, 1872, BARRETT, J., presiding.

In December, 1868, the plaintiff loaned his horse to the defendant to go from the defendant's residence, in Rockingham, to Cavendish, a distance of sixteen miles, after a load of ashes. The defendant put said horse beside another, and went with a wagon, there being but little if any snow. Haskell I. Wiley, Frank Proctor, and Eli B. Pulsipher, went with two-horse teams after ashes the same day, to the same place. They had each previously drawn ashes from the same place to the defendant's neighborhood. They each knew the condition of the road that day, and each drew home a load of ashes; and were in company with the defendant during the day. The plaintiff claimed, and his evidence tended to show, that the road was hilly in places, and the grade somewhat steep, and its condition unfavorable for traveling, and heavy loads; that the ashes were in barrels, and had been exposed to the rain for a long time, and were saturated with water to the bottom of the barrels, and frozen some; that the defendant loaded twelve barrels of said ashes, which witnesses estimated to weigh not less than three hundred pounds each, on to his wagon, and started for home; that he had much difficulty in drawing his load, on account of its weight; that some of the way the horses were unable to draw it, and that Wiley, Proctor, and Pulsipher, each in turn, helped with their horses. The plaintiff's evidence

also tended to show, that the plaintiff's horse was worth $200 when the defendant took it, and was sound and well, and had never shown any signs of weakness or disease across the back, or about the spine, and that there was no difficulty with its kidneys and urinary organs ; that the defendant was on the road from early morning till late in the evening, and that the plaintiff's horse was ever after so weak across the back that it interfered with its traveling, and rendered it useless for a work-horse, and that said weakness resulted in a disease of the spine and kidneys, of which the horse ultimately died.

The defendant conceded that the horse was sound and well when he took it, but his evidence tended to show that the difficulty and disease about the spine was not caused by overloading, or improper use by the defendant, and that the horse died of a disease called the *blind staggers.*

The plaintiff claimed that the defendant overloaded the horse, and overtasked it in drawing the load, and did not exercise the prudence and care that a prudent man would under such circumstances ; and his evidence tended to show that Wiley told the defendant when he had loaded ten barrels, that he had got on all he ought to draw. The plaintiff propounded to Wiley, Proctor, and Pulsipher, after eliciting from them that they were acquainted with the horses, knew about the wagon, the road, its condition that day, and that they each had been accustomed to teaming, and had had some experience in drawing ashes from the same place a few days before, over the same road, and had handled them, and knew about their condition—the following question : " Whether in your opinion his (defendant's) horses were unreasonably or improperly loaded, and what would be a reasonable load for that span of horses, with that wagon, and the condition of the going as it then was ?" The question was objected to by the defendant, and excluded by the court ; to which the plaintiff excepted. Verdict for defendant.

*L. S. Walker,* for the plaintiff, cited *Lester* v. *Pittsford,* 7 Vt. 158 ; *Morse* v. *Crawford,* 17 Vt. 499 ; *Clifford* v. *Richardson,* 18 Vt. 620 ; *Cavendish* v. *Troy,* 41 Vt. 99.

*Chas. N. Davenport*, for the defendant, cited *Lester* v. *Pitts-ford, supra ; Davis* v. *Fuller*, 12 Vt. 178 ; *Clifford* v. *Richardson, supra ; Linsley* v. *Lovely*, 26 Vt. 123, 136 ; *Fraser* v. *Tupper*, 29 Vt. 409 ; *Cram* v. *Cram*, 33 Vt. 15, 18 ; *Fairfield et al.* v. *Bascomb et al.* 35 Vt. 398, 412 ; 1 Greenl. Ev. §440 ; 1 Phill. Ev. 290 ; Cowen and Hill's notes, 529, 759 ; 1 Smith Lead. Cas. 286.

The opinion of the court was delivered by

| Ross, J. The opinion of the witnesses, sought to be elicited by the plaintiff's inquiry as to whether the defendant improperly and unreasonably loaded the plaintiff's horse on the occasion when it was claimed that it received an injury, does not fall within any of the exceptions to the general rule that witnesses must state facts, and not opinions, known to the court. | The witnesses were not experts in the ordinary acceptation of that term. It was proposed by the plaintiff to elicit the opinion of the witnesses on the very point which was in controversy between the parties, and which it was the province of the jury to try and determine, under instructions from the court. The witnesses had described the condition of the road in regard to hills and muddiness, the weight of the load, the difficulty the horses had in taking the load up the hills, and the length of time the horses were put to continuous labor. The case in respect to the admissibility of the opinion of witnesses who observed the facts from which they were to draw their opinion, is not distinguishable from *Lester* v. *Pittsford*, 7 Vt. 158, and *Fraser* v. *Tupper*, 29 Vt. 409. In both those cases, it was held that the witnesses could not be allowed to give an opinion as to the result or effect of the facts observed and testified to by them. This case does not fall within any of the exceptions to the general rule excluding witnesses from giving an opinion, stated by the court in those two cases.

Judgment affirmed.