NELLIE STOWE, ADM'X OF D. B. STOWE'S EST. *v.* CHAUNCEY M. BISHOP.

*Evidence. Widow–Witness. Expert Evidence. Negligence.*

1. In an action against a bailee to recover for injuries to a hired horse, claimed to have been caused by the defendant's negligence in not hitching the horse, the bailee's statements, made soon after the injury, that he was careless, and expected to pay for it, were admissible; but he could neutralize the admissions by showing that on reflection he had come to think otherwise.
2. The widow of the owner of the horse was a competent witness to the defendant's declarations made in the life-time of her husband, it not appearing that they were made in his presence.
3. EXPERT. The opinion of a witness as to whether leaving the horse unhitched in a mill yard was the act of a careful and prudent man was not admissible.

ACTION for damages for injuries to a horse. Heard on a referee's report, December Term, 1885, WALKER, J., presiding. Judgment for the plaintiff.

It appeared that D. B. Stowe commenced this suit; that he has since deceased; that the present plaintiff is his widow and the administratrix of his estate; that defendant

hired the horse of said Stowe, which horse was "kind and gentle"; and that it was Stowe's practice to leave the horse without hitching on driving up to his neighbor's or going into the village on ordinary errands.

The defendant drove the horse to a steam mill, and left it unhitched in a side track in or near the mill yard. The mill had a powerful steam whistle; and as this blew at 12 o'clock—the defendant being four or five rods from the horse—the horse "whirled and ran, and before reaching the highway fell and broke its leg." The defendant proposed to ask of one Faulkner and others, who had owned many horses, and were at the mill at the time of the accident, the following question: "From the character of the horse and the surroundings, whether, in your judgment, it was the act of a careful and prudent man to leave the horse in the manner this was left?" The question was excluded. The referee found that the defendant did not exercise ordinary care and prudence, under the circumstances, in leaving the horse as he did.

*O. E. Butterfield*, for the defendant.

The defendant's declarations were not statements of fact, but legal conclusions, stated under stress of circumstances, as to his supposed legal liability; and he ought not to be concluded by them. The widow was not a competent witness. 1 Greenl. Ev. s. 338; *Williams* v. *Baldwin*, 7 Vt. 503; *Smith* v. *Potter*, 27 Vt. 304; *Wheeler* v. *Wheeler*, 47 Vt. 637.

The question proposed to Faulkner should have been allowed. The general rule is that a witness must state facts, and not opinions; but there are exceptions, and these are not confined to experts in matters of science, art, or skill; as when the facts which lead the mind to a conclusion are incapable of description. PECK, J., in *Cavendish* v. *Troy*, 41 Vt. 108; *Hard* v. *Brown*, 18 Vt. 87; *Morse* v. *Crawford*, 17 Vt. 499; *Evarts* v. *Middlebury*, 53 Vt. 626; *Dean* v. *McLean*, 48 Vt. 412; *James* v. *Hodsden*, 47 Vt. 127.

*H. N. Hix* and *Batchelder & Bates*, for the plaintiff.

The defendant's admissions were admissible. *Doon* v. *Ravey*, 49 Vt. 296; *Stanford* v. *Bates*, 22 Vt. 546.

The widow of the deceased plaintiff was a competent witness. *Carpenter* v. *Moore*, 43 Vt. 394; *Smith* v. *Potter*, 27 Vt. 304.

The court properly excluded Faulkner's testimony. *Crane* v. *Northfield*, 33 Vt. 124; *Clifford* v. *Richardson*, 18 Vt. 626.

The opinion of the court was delivered by

ROWELL, J.　It was competent for plaintiff to show defendant's statements, made soon after the injury, to the effect that he was careless in not hitching the horse, and expected to pay for it, etc.

In the circumstances of the case, negligence was a question of fact and not of law, and defendant's statements were evidence against him on that point; but as they were non-contractural and non-dispositive admissions, they were not conclusive proof of that which he stated, but were open to neutralization by showing that on reflection and consideration he had come to think otherwise. *Dennison* v. *Miner*, 2 Atl. Reporter, 561—Sup. Ct. of Pa.—is exactly in point.

Mrs. Stowe was a competent witness to defendant's declarations.　It does not appear that they were made to or even in the presence of her deceased husband; but if it did, she was still competent, for she did not testify to admissions nor conversations of her husband made to or with herself or third persons, nor did she disclose matters of confidence between her and her husband, nor matters affecting his character. *Smith* v. *Potter*, 27 Vt. 304; PECK, J., in *Carpenter* v. *Moore*, 43 Vt. 394.

The question proposed to Faulkner and others as to whether it was the act of a careful and prudent man to leave the horse as defendant did, was properly excluded as relating to a matter not the subject of expert nor opinion evidence.　It was not a question of science, art, nor skill;

nor were the attendant facts and circumstances of such a character as to render them incapable of being presented by the observer with their proper force to the referee so as to enable him to draw a correct and an intelligent conclusion therefrom without the aid of the opinion of the witnesses; but the subject was one within the common knowledge and experience of all men moving in the ordinary walks of every-day life, in which case there is no room for expert testimony, and it ought not to be allowed—it is for the trier to draw the inference. *New England Glass Co. v. Lovell,* 7 Cush. 319; *Milwaukee & St. Paul R. R. Co.* v. *Kellogg,* 94 U. S. 469. Thus, in an action for negligently setting fires that were communicated to plaintiff's land, the opinion of witnesses who saw the fires was held inadmissible as to the suitableness of the day for setting fires. *Fraser* v. *Tupper,* 29 Vt. 409. So in case for overloading and overtasking plaintiff's horse, witnesses familiar with the facts were not allowed to give their opinion as to whether the horse was unreasonably loaded, and as to what would have been a reasonable load. *Oakes* v. *Weston,* 45 Vt. 430. Nor can an expert be asked whether the time a railroad train stopped was sufficient for a passenger to get off; *Keller* v. *Railroad Co.* 2 Abb. (N. Y.) App. Dec. 480; nor whether it was prudent to blow a whistle at a particular time; *Hill* v. *Railroad Co.* 55 Me. 438; nor whether plaintiff could have been injured in oiling a certain part of the machinery of a steam-engine if he had not been careless; *Buxton* v. *Somerset Potters' Works,* 121 Mass. 446; nor whether placing wet staves on the outside of an arch with fire in it was a safe and prudent way to dry them; *White* v. *Ballou,* 8 Allen, 408; nor can a witness familiar with a bridge be asked whether it was safe; *Crane* v. *Northfield,* 33 Vt. 124.

Judgment affirmed.