DAVID L. BEMIS v. CENTRAL VERMONT. R. R. CO.

*Expert Evidence. Witness. Expert. Decision of Trial Court Final. Practice. Contributory Negligence.*

1. The question was, whether a hoisting apparatus was negligently constructed by the defendant company, or negligently operated by the plaintiff in attempting, with the assistance of one man, to raise a stone weighing 3,600 pounds; *Held*, that the opinion of a witness was not admissible, in effect that it was not prudent "to use it with less than three men, on a stone of two tons' heft."
2. The plaintiff was injured while operating a crane or hoisting apparatus of unusual and peculiar structure; *Held*, that expert evidence was admissible to prove that it was of sufficient capacity and in repair for the use intended.
3. The decision of the trial court that a witness has the requisite qualifications for an expert is not revisable. But an arbitrary ruling without evidence is revisable.

ACTION on the case to recover for injuries to the plaintiff, caused by the fall of a crane, or hoisting apparatus. Trial by jury, March Term, 1885, WALKER, J., presiding. Verdict for the defendant.

The plaintiff's testimony tended to show that the defendant had erected a crane upon its ground at its depot in Townshend; that on the first day of February, 1882, said crane was insufficient and out of repair; and that on that day the plaintiff was using and operating the same in unloading a block of soapstone from his sled, as freight to be loaded upon the defendant's cars and transported upon its road; and that while using the crane, by reason of such insufficiency and want of repair, it broke and fell; and in falling its boom struck the plaintiff's head, inflicting upon him a very serious injury; and that at the time of the breaking of the crane, in his use and management of the same, he was in the exercise of a proper degree of care and prudence.

The defendant's evidence tended to prove that the crane was of sufficient capacity and repair; that the plaintiff was negligent; that when the accident occurred, he, with the assistance of one man, was in the act of lifting a stone weighing about 3,600 pounds.

The court below held, as to the expert evidence: "Now it seems to me, as bearing upon this question of negligence, that it is competent and proper for the defendant to show that the 'crane' erected at this place was of an approved pattern, and of such kind and character as experts say they should deem correct and sufficient for that business or purpose. I think it would be competent for the defendant to show that the 'crane' that was erected at Townshend, for the purpose and designs for which it was erected, was of an approved pattern and used by railroad men, and was such a machine as is usually erected by railroad men and other men for the purpose for which this was erected; and that you have a right to refer to other machines, so far as this was of that character. I think you cannot make comparisons between this and other machines."

One of the expert witnesses was a carpenter who had repaired the crane; one was a roadmaster; and another was a division superintendent.

*L. M. Reed,* for the plaintiff.

The expert evidence was not admissible. It did not call for technical skill to determine whether the crane was "suitable and proper for the use required." It was one of the simplest of mechanical contrivances.

It was held in *Buxton* v. *Potters' Works,* 121 Mass. 446, that expert evidence was not admissible to show that the plaintiff could not have been injured while attempting to oil a part of the machinery of a steam engine if he had not been careless. In *Hopkins* v. *R. R. Co.* 78 Ill. 32, that a brakeman was careless in his manner of coupling cars. In *Amstein* v. *Gardner,* 134 Mass. 4, that a cattle guard or barrier

Bemis *v.* Railroad Company.

was necessary. In *Weeks* v. *Lyndon*, 54 Vt. 638, that a bridge was regarded reasonably safe. In *Graviss* v. *R. R. Co.* 49 Mo. 74, that a brakeman would not have been thrown from the cars if he had exercised ordinary care. In *Rogers* v. *Rhodeback*, 5 N. Y. Legal Obs. 334, that excavations had been made with care. See *Higgins* v. *Dewey*, 107 Mass. 494; *Oakes* v. *Weston*, 45 Vt. 430; *Chicago* v. *McGiven*, 78 Ill. 347; *Crane* v. *Northfield*, 33 Vt. 124 ; Laws. Exp. Ev. 10, 11, 91, 94 ; *Page* v. *Parker*, 40 N. H. 59; *Bixby* v. *R. R. Co.* 49 Vt. 123; *Allen* v. *Hunter*, 6 McLean, 303; *Hawks* v. *Charlemont*, 110 Mass. 110; *Bryant* v. *R. R. Co.* 56 Vt. 710.

*Martin & Eddy* and *C. B. Eddy*, for defendant.

Were the construction of the crane and its method of use subjects of legitimate expert testimony?

When a witness has had the opportunity of personal observation, and the facts and circumstances which lead the mind of the witness to a conclusion are incapable of being detailed and described so as to enable any one but the observer himself to form an intelligent conclusion from them, he is allowed to give his opinion. PECK, J., in *Cavendish* v. *Troy*, 41 Vt. 108; *Clifford* v. *Richardson*, 18 Vt. 620 ; *Bates* v. *Sharon*, 45 Vt. 481; *Dean* v. *McLean*, 48 Vt. 412; REDFIELD, J., in *Smith* v. *Miles*, 15 Vt. 249; *Fulsome* v. *Concord*, 46 Vt. 135; Laws. Exp. Ev. 2, 5, 13, 70, 86, 159, 195, 198, 203.

Mechanics, artisans, and workmen are experts as to matters of technical skill in their trades. Railroad men are experts as to questions of railroad management. The opinions of persons who have made the subject-matter of inquiry the object of particular study and attention are admissible. *See* above authorities; also *Haynes* v. *Burlington*, 38 Vt. 350; *Ardesco Oil Co.* v. *Gilson*, 63 Pa. St. 146; *Nelson* v. *Ins. Co.* 71 N. Y. 453; *Page* v. *Parker*, 40 N. H. 47.

If it appears that the witness has any claim at all to the title of an expert, the court of error will not reverse because

his experience is not sufficiently special. *Delaware, etc., Steam Towboat Co.* v. *Starrs*, 69 Pa. St. 37.

Where the evidence of the witness does not conclusively show his skill, but such skill is matter of fact to be inferred from the testimony, the finding of the court is conclusive. *Wright* v. *Williams*, 47 Vt. 222; *Perkins* v. *Stickney*, 132 Mass. 217.

The opinion of the court was delivered by

VEAZEY, J. One of the issues was that of contributory negligence ; and this was based on the claim that three men at least were required in the operation of the hoisting apparatus, especially in raising and moving a stone of the size named in the exceptions, and on the fact that but two men were using the apparatus at the time of the accident, the defendant claiming that such was not a prudent use. One Brooks was improved as a witness by the defendant, to show about the operation and capacity of the machine, and the number of men required to use it, and why so many were required and what each had to do. And after showing all this a question was asked as follows : " What do you say about its being prudent to use it with less than three men, on a stone of two tons' heft?" Answer. "I should not consider it prudent with a stone of two tons and upwards."

Another witness, Lyman, was improved and used for the same purpose, and a like question in substance was asked him, and he made similar answer.

It is difficult to see how questions could be framed to call from the witness an opinion upon the point to be decided by the jury more exactly than was done in these questions. When this machine was fully described as to its structure, strength, method of use, number of men required, danger in its use by less number, its safety and adequacy when properly used, the inference as to the prudence of undertaking to operate it on a stone of the size in question with

only two men, was one which required no particular knowledge and skill, but rested in the sound judgment of the jurors, and one which they could as well decide for themselves. Speaking of the exceptions to the general rule that witnesses are to testify to facts, and not to give their individual opinions, ROYCE, J., in *Clifford* v. *Richardson*, 18 Vt. 626, says: "When all the pertinent facts can be sufficiently detailed and described, and when the triers are supposed to be able to form correct conclusions without the aid of opinion, or judgment from others, no exception to the rule is allowed."

We think the opinion drawn out as above shown was clearly inadmissible. Laws. Ex. Ev., Rules 24 and 33.

It is said this evidence was only the same in substance as could have been called out in another form. That is true, and it might be added that the same in effect had been shown already by the same and other witnesses. But that does not meet the objection. A settled rule was violated as when a leading question is asked without permission, or when secondary evidence is admitted when the best is at hand, all under objection.

The plaintiff further claims that there was no occasion or legal ground for expert or opinion testimony. In 1 Stark Ev. 153, the author says: "In general wherever the inference is one of skill and judgment, the opinion of experienced persons is admissible; for by such means only can the jury be enabled to form a correct conclusion." In *Lester* v. *Pittsford*, 7 Vt. 161, PHELPS, J., says: "The testimony of opinion may be given, where, from the general and indefinite nature of the inquiry, it is not susceptible of direct proof."

One position of the plaintiff was that this machine was of insufficient capacity for lifting and loading the soapstone for which it was erected. It was unusual and unfamiliar as a hoisting power, both in size and kind. It was adapted and used for much heavier work than men ordinarily have occasion or are accustomed to engage in; and it was pecul-

Bemis v. Railroad Company.

iar and not common in form of structure and had a limited use. It was not like the ordinary derrick used in heavy stone lifting, having rope or cable guys in all directions from the top of the mast. It had but two guys, and these were wood. It was plain to see how to use it, but to judge of its strength and capacity would require experience in its use, and mechanical familiarity with the strength of such machinery, and with the strain upon its different parts when used to its capacity. Such experience and familiarity constitute "peculiar knowledge" and give a man "special skill." Practical experience in the observation and use of an unusual and peculiar machine tends to give a man skill in respect to it. We think the plaintiff tendered an issue upon which expert testimony was admissible. *Blodgett Paper Co.* v. *Farmer*, 41 N. H. 398.

Another claim is made that the witnesses who gave expert evidence were not properly experts; that is, had not the qualifications required in order to be experts. This is a question of fact, the decision of which by the trial court as an inference from evidence is not revisable. *Wright* v. *Williams*, 47 Vt. 222; *Dole* v. *Johnson*, 50 N. H. 452.

An arbitrary ruling without evidence or against conclusive showing would leave the question of revisability the same as it would stand on similar rulings on other questions of fact.

As to what are the qualifications necessary to entitle a witness to testify as an expert, and as to whether the subject concerning which he is to testify is one upon which the opinion of an expert can be received, these have been held to involve questions of law. *Jones* v. *Tucker*, 41 N. H. 546.

We think there was no error on this branch of the case; but on the point first noted the judgment is reversed and cause remanded.