HEBER C. HOLMAN

v.

H. E. BOYCE ET AL.

ORANGE COUNTY, 1893.

Before: Ross, CH. J., TAFT, ROWELL AND START, JJ.

*Estoppel. Party may show fact otherwise than as stated. Agreement as to amount due on note.*

1. A party is not precluded by his statement as to the matter in controversy from showing the fact otherwise than as stated, unless the adverse party has been induced to alter his conduct on the strength of such statement.
2. Where the mortgagor and mortgagee join in representing to a third person the amount due upon a mortgage note with a view to its purchase by such person, who does thereupon purchase it at that price, the mortgagor is stopped from afterwards claiming that there was in fact a less sum then due by reason of extra interest previously paid.

Petition to foreclose a mortgage. Heard upon the report of a master and exceptions of defendants thereto, at the June term, 1892. TYLER, chancellor, *pro forma*, overruled the exceptions and decreed for the orator in the sum of $449.80. The defendants appeal.

The mortgage in suit was originally given October 26, 1868, by Charles C. Church and William Mattoon to William Gordon, to secure the payment of four notes for $500 each, which by their terms were to bear interest at the rate of nine per cent. Subsequently, Church and Mattoon con-

veyed the premises to H. F. Bates, subject to this mortgage, which was assumed by Bates. Payments were made upon the notes by Bates from time to time, down to 1877, when a controversy arose between him and Gordon as to the extra interest paid, and Gordon put the notes into the hands of an attorney for collection. Thereupon Bates arranged with the orator to purchase the notes, and the parties met, February 14, 1878, at the office of one Palmer, who acted as the attorney of Bates, for the purpose of ascertaining the amount due on them.

As the result of a good deal of discussion, it was agreed that there was then due the sum of $416.65, and Palmer made a minute on the notes to that effect. Thereupon the orator purchased the notes, paid Gordon that sum for them, and took an assignment of the notes and mortgage.

Subsequently to this, Bates deceased and the defendant Boyce was appointed his administrator. The defendant Harriet C. Bates was the widow of H. F. Bates, and the defendant Irish had taken a conveyance of the premises from the other two defendants subsequently to the death of Bates.

The defendants claimed that extra interest was reckoned in the computation of February 14, 1878, and that there was then due a much less sum than the one stated.

The master found that, if the defendants were bound by what was agreed to be due February 14, 1878, there was due the orator $449.80, but that, computing the notes at six per cent, there was due upon them a less sum.

The defendant Boyce, after his appointment as administrator, wrote the orator to inquire what took place at the meeting of February 14, 1878, and received a reply which indicated, as the defendants claimed, that the amount due on the notes was not then agreed upon.

*J. D. Denison* for the orator.

The defendants are estopped to deny that the amount

agreed upon February 14 was the amount then due. *Thorp* v. *Lathrop*, 30 Vt. 307; *Soper* v. *Frank*, 47 Vt. 363; *Goodell* v. *Bank*, 63 Vt. 303; *Sargent* v. *Sargent*, 18 Vt. 371; *Foster* v. *Neelard*, 21 Wend. 94.

*Dillingham, Huse & Howland* for the defendants.

The agreement of February 14 could not increase the amount actually due on the mortgage. *Merrill* v. *Chase*, 3 Allen 339; *Joslyn* v. *Benjamin*, 5 Allen 62; *Thompson, Admr.,* v. *George*, 86 Ky. 311.

The opinion of the court was delivered by

ROWELL, J. The orator's letter of March 29, 1888, in reply to one from the defendant Boyce, in which the orator denied the existence of the agreement of February 14, 1878, found by the master, and on which the orator now seeks to stand, did not estop the orator from claiming before the master the untruth of his denial, if he did so claim; nor does it disentitle him to the benefit of that agreement now that it is found, it not appearing that Boyce or any of the other defendants was thereby induced to alter their conduct. The rule applicable here is thus stated in *Heane* v. *Rogers*, 9 B. & C. 577: "There is no doubt that the express admissions of a party to the suit, or admissions implied from his conduct, are evidence, and strong evidence, against him; but we think that he is at liberty to prove that such admissions were mistaken, or were untrue, and is not estopped or concluded by them, unless another person has been induced by them to alter his conduct, in which case the party is estopped from disputing their truth with respect to that person and those claiming under him and that transaction, but as to third persons he is not bound." This rule is approved in *Newton* v. *Liddiard*, 12 Q. B. 925. See also 2 Whart. Ev. s. 1,077, and cf. *Stowe* v. *Bishop*, 58 Vt. 498.

Gordon held the mortgage in question against Church and Mattoon. Bates bought the mortgaged premises and assumed and agreed to pay the mortgage debt as a part of the purchase-money. Disagreement arose between Bates and Gordon about extra interest that the former claimed to have paid the latter, whereupon Gordon left the notes with a lawyer for collection, and the lawyer notified Bates that they must be paid. Thereupon Bates arranged with the orator to buy and hold the notes, and for the purpose of ascertaining the amount due on them, Bates and Gordon, with their attorneys and the orator, met on February 14, 1878, when such proceedings were had that Bates and Gordon agreed that the amount then due was $416.65, and an indorsement to that effect was then made thereon. In a few days after, the orator, relying on said agreement, paid Gordon the amount thus found due, and took an assignment of the notes and the mortgage, and now seeks to foreclose the mortgage and to stand on the amount thus agreed upon as the basis for ascertaining the sum due in equity. The defendants seek to compute the notes anew, claiming that by reason of the payment of extra interest and otherwise, there was much less due on them on February 14, 1888, than was then agreed.

We think that Bates, if living, would be estopped to deny that there were $416.65 due on the notes when the orator took them, and that therefore the administrators of his estate are estopped, and the other defendants, who claim under the administrators. The rule is that when one takes an assignment of a chose in action by the debtor's procurement or with his assent, and on the faith of representations made by him at the time, the debtor is estopped to impeach the chose by a defence inconsistent with his representations, even though the defence is usury. _Payne_ v. _Burnham,_ 62 N. Y. 69; _Smyth_ v. _Munroe,_ 84 N. Y. 359. _The Union Dime Savings Institution_ v. _Wilmot,_ 94 N. Y. 221, was an

action to foreclose a mortgage, and the defense was that the mortgage was void for usury. The mortgagor and the mortgagee represented to the plaintiff that the mortgage was a purchase-money mortgage, without defence, and that the full amount named therein was due thereon. Relying on this the plaintiff bought the mortgage at a discount of seven per cent from its face, and took an assignment of it. It was held that the mortgagee and the mortgagor were estopped to deny the validity of the mortgage, and precluded from interposing the defence of usury, and that Wilmot, who was alone defendant, was bound by the same estoppel, as he had bought the premises subject to the mortgage.

*Decree affirmed and cause remanded.*