THE CITY OF SPRINGFIELD

*v.*

MARTHA COE.

*Filed at Springfield April 3, 1897.*

1. APPEALS AND ERRORS—*failure to designate or argue objections in brief is a waiver.* An assignment of error in the giving and refusing of instructions by the trial court is waived by failure of appellant to point out or argue the objections in his brief.

2. SAME—*effect of waiving assignments of error upon instructions.* Where assignments of error in the giving and refusing of instructions have been waived, the questions whether the damages recovered are excessive and whether the plaintiff used due care become those of fact, conclusively settled in the Appellate Court.

3. EVIDENCE—*degree of care should be proven by facts and circumstances, and not by opinions.* In an action to recover damages for personal injury the degree of care used by plaintiff is a material question, and must be determined from facts and circumstances given in evidence, and not from the opinions of witnesses.

4. SAME—*when admission of improper evidence will not reverse.* The improper admission in evidence, in a personal injury suit, of plaintiff's opinion as to the degree of care used by her will not require a reversal of the judgment obtained, where there is other evidence in the record of the proper character sufficient to authorize the finding that she used due care.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

E. S. ROBINSON, City Attorney, (E. L. CHAPIN, and JOHN C. SNIGG, of counsel,) for appellant.

PATTON, HAMILTON & PATTON, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

This is an action to recover for personal injuries received by appellee by reason of a fall on the streets of the city of Springfield. Appellant had taken up paving on a street and was about to re-lay the same. The street had been rolled, and its bed was about fifteen inches below the curb. The appellee was going to her home on a dark night, when she stepped off the sidewalk and fell, receiving a painful injury. On trial in the circuit court of Sangamon county she recovered a verdict and judgment for $2000. On appeal there was an affirmance by the Appellate Court for the Third District.

In the brief filed by appellant no objection is pointed out to any instruction, and whilst error is assigned in giving and refusing instructions, the failure to designate or point out any objection or argue it in the brief is a

waiver of that assignment.  *City of Mt. Carmel* v. *Howell*, 137 Ill. 91; *Harris* v. *Shebek*, 151 id. 287.

It is urged that the damage was excessive, and that there was a want of due care on the part of the plaintiff. All questions on the giving and refusing of instructions being waived, both these questions are of fact, and the judgment of the Appellate Court is conclusive thereon.

Objection is made to the ruling of the court on the admission of evidence.  Appellee's counsel asked the plaintiff what kind of care she exercised when going along the street at the point where she fell.  An objection to this question was overruled, and appellant excepted.  Appellee then answered: "Well, we tried to be very careful. I do not know.  It was dark, and we were afraid all the time, and we walked carefully.  I was afraid of falling because it was so dark.  That is why I took hold of my daughter's arm.  I said I could not see anything and was afraid I would fall."  The degree of care used by appellee was a material question in the case, which is to be proven by facts and circumstances, and not by opinions.  If she is permitted to designate the degree of care she used, then she, and not the jury, determines a material fact in the case.  The question and answer were both improper. The objection should have been sustained.  The evidence in the record, however, shows appellee stated fully to the jury the manner in which she was walking and what took place just before and at the time of the injury.  This evidence of a proper character was sufficient to authorize a finding that appellee exercised reasonable care and caution.  The error in the admission of evidence is not of sufficient importance to require a reversal.  *Sterling Bridge Co.* v. *Pearl*, 80 Ill. 251.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*