# Southern Ry. Co. *v.* Stollenwerck.

### *Crossing Accident.*

(Decided Nov. 24, 1909.　Rehearing denied Feb. 26, 1910.
52 South. 204.)

1. *Railroads; Grade Crossing; Evidence; Negligence.*—The evidence in this case stated and examined and held to require a submission to the jury to determine the question of negligence, willfulness and contributory negligence.

2. *Same; Joint or Several Negligence; Plea.*—Where the action was for the death of an engineer in a collision at grade crossing with a train belonging to another road and the complaint charged that intestate's death was caused by the negligence of the employes of the defendant railroad who were operating defendant's train, in the management thereof, and another count in the complaint charged that it was due to the willful negligence of defendant's employes in charge of such train in running it forward into collision after discovering that the train on which decedent was, was on the crossing, etc., the complaint did not charge joint negligence on the part of the conductor and engineer of the colliding train, and proof of negligence of anyone of them was of sufficient compliance with the averments of the complaint.

3. *Evidence; Conclusion.*—As to whether or not a witness looked and listened carefully before traversing a railroad crossing, was not objectionable as calling for a conclusion.

4. *Charge of Court; Ignoring Issues.*—Where the complaint alleged both simple negligence and wantonness, and there was evidence justifying the submission of both to the jury, a charge directing a finding for the defendant as to the entire complaint on proof of contributory negligence was properly refused; as was a charge directing a finding for the defendant if there was no wantonness.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by E. F. Stollenwerck, as administrator de bonis non of the estate of Charles M. Bryan, deceased,

against the Southern Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The first count alleges: That the Southern Railway and the Louisville & Nashville Railroad cross each other on grade in North Birmingham, known as the "North Birmingham crossing." That her intestate was an engineer in the service or employment of the Louisville & Nashville Railroad Company, and had charge of an engine to which cars were attached on a branch of the Louisville & Nashville known as the "Birmingham Mineral," and just as the engine which plaintiff's intestate was running got upon said crossing one of defendant's trains, consisting of an engine and several cars, came along on said defendant's railroad toward Birmingham, and ran into and collided with the engine which was being operated by plaintiff's intestate, so wounding and scalding plaintiff that he died. Plaintiff avers that the death of her intestate was caused by the negligence of defendant's employes, who were operating the defendant's said train, in the running and management of said train. The fourth count is similar to the first count as to the statement of facts, and alleges the negligence as follows: "Plaintiff avers that defendant's employes in charge of defendant's said train discovered the said Louisville & Nashville train moving over said railroad crossing; but, owing to the willful, wanton, or intentional negligence of said employe in charge of defendant's train, the said train ran forward without stopping until it ran into and collided with the engine upon which plaintiff's intestate was riding, causing injuries to plaintiff's intestate as heretofore set out, and causing his death." For the facts in the case, see former report of the case, referred to in the opinion.

The following charges were refused to the defendant: (6) "There can be no wantonness on Mosby's part un-

der the evidence, unless Bryan failed to stop his engine within 100 feet of the crossing." (7) "There is no evidence of wantonness in this case, if you believe from the evidence that Bryan's engine stopped for the crossing, and proceeded across the crossing as testified to by plaintiff's witness." (2) "There can be no wantonness on Mosby's part in going on the crossing, under the evidence in this case, unless Bryan failed to stop his engine within 100 feet of the crossing." (8) "I charge you that, under the evidence in this case, you must find that plaintiff's intestate was guilty of contributory negligence." (9) "Under the evidence in this case, plaintiff's intestate was guilty of contributory negligence, which was the proximate cause of the injury which is alleged to have caused his death, and plaintiff cannot recover under the first count of the complaint." (11) "It was the duty of plaintiff's intestate to know that the crossing was clear before he undertook to cross, and not to proceed until he knew the way was clear; and if he failed in this duty, and was thereby injured, he was guilty of contributory negligence, and plaintiff cannot recover in this suit." (13) "If the jury believe from the evidence that defendant's engineer was not aware of the proximity of the Louisville & Nashville train until it was so close to him as to be about to strike him, and that as soon as he discovered the peril he applied the emergency brake and did all he could to avoid the injury, he was not guilty of wanton, reckless, or intentional negligence, and the plaintiff cannot recover in this suit." (14) "I charge you that, before you can find a verdict in favor of the plaintiff, you must be reasonably satisfied from all the evidence in this case that defendant's engineer, Mosby, ran his train against the engine upon which plaintiff's intestate was riding with the consciousness that the act which he was committ-

ting would likely result in death or injury to the plaintiff's intestate or some other person on the train or engine of the Louisville & Nashville Railroad Company."

WEATHERLY & STOKELY, for appellant. The court erred in permitting Lawrence to say that he looked and listened and saw and heard nothing, and that what he did was carefully done.—*L. & N. v. Bouldin,* 110 Ala. 193; *LaFayette R. R. Co. v. Tucker,* 124 Ala. 514; *B. R. L. & P. Co. v. Jackson,* 136 Ala. 285; *Eureka Co. v. Bass,* 81 Ala. 200; *Bir. R. L. & P. Co. v. Martin,* 148 Ala. 8, and cases cited. The court erred in refusing to give charges 4 and 10.—*Bir. Min. R. R. Co. v. Jacobs,* 92 Ala. 192; *L. & N. v. Johnson,* 79 Ala. 436; *M. J. & K. C. v. Smith,* 40 South. 763; *Anniston E. & G. Co. v. Rosen,* 48 South. 798; *Sands v. L. & N.,* 47 South. 323; *Daniels v. Carney,* 42 South. 456; *L. & N. v. Banks,* 132 Ala. 471. The court erred in refusing the defendant the affirmative charge, since the complaint charges negligence of all the employes and the only proof offered was the negligence of the engineer.—*Dean v. R. R. Co.,* 98 Ala. 583; *Northern Ala. R. R. Co. v. Mansell,* 138 Ala. 563; *L. & N. v. Cannon,* 48 South. 64; *B. R. L. & P. Co. v. Bennett,* 144 Ala. 369. The evidence showed that the intestate was guilty of negligence in failing to stop as required by the statute.—*Jacob's Case,* 92 Ala. 191; *Bryan's Case,* 125 Ala. 310. The undisputed physical facts show that the intestate was negligent and the courts will not permit themselves to be bound by the mere testimony of the witnesses against conclusive proof furnished by physical facts.—*Southern Ry. Co. v. Hill,* 39 South. 987; *Same v. Peters,* 135 Ala. 583; *Same v. Lollar,* 135 Ala. 375; *H. A. & B. v. Fenner,*

111 Ala. 356.   For the reasons and on the authority set out the court should have granted the new trial.

FRANK S. WHITE & SONS, for appellee.   The court did not err in permitting Lawrence to state that he looked carefully before crossing.—*B. M. Ry. Co. v. Wilmer,* 97 Ala. 168; *A. G. S. v. Yarbrough,* 83 Ala. 242, and cases there cited.   The court did not err in refusing the defendant the affirmative charge.—*T. C. I. & R. R. Co. v. Stevens,* 115 Ala. 562; *A. G. S. v. Jones,* 71 Ala. 495; *Southern Ry. v. Bush,* 122 Ala. 487; *Smith v. Wolf,* 49 South.; 125 Ala. 306; 110 Ala. 329. Counsel discuss other assignments of error but without citation of authority.

ANDERSON, J.—This is the third appeal in this case, it being reported first as *Southern R. R. Co. v. Bryan, Adm'r,* 125 Ala. 310, 28 South. 445, and the second time as *Southern R. R. Co. v. Bonner, Adm'r,* 141 Ala. 517, 37 South. 702.   The only counts considered by the jury, upon the trial from which the present appeal is had, are 1 and 4, as all others were eliminated by pleading or special instructions.   It was held on the second appeal (141 Ala. 517, 37 South. 702) that there was evidence sufficient to submit both counts to the jury, and that the general charge should not have been given as to either count, because of a failure of proof, or as to the first count because of proof beyond dispute of the plea of contributory negligence thereto.   After a careful consideration of the argument of appellant's counsel and the evidence, we are of the opinion that the former holding is sound, and find no such change of the facts upon the last trial as would justify the general charge for the defendant as to either count, either

[Southern Ry. Co. v. Stollenwerck.]

upon failure of proof as to the allegations or because of undisputed proof of contributory negligence.

It is insisted, among other things, by appellant's counsel, that defendant was entitled to the general charge as to the first count because of a variance; that the count avers that intestate's death was caused by the negligence of defendant's employes, who were operating defendant's said train, while the proof fails to show negligence on the part of the conductor or all of the employes who were operating said train. We do not think that the complaint charges joint negligence, and that proof of negligence of any one of them would be a compliance with the averment. The cases cited by counsel are not in point as to fact or principle.

Assignements 6, 7, and 12, relating to unnumbered refused charges, which we number 6, 7, and 12 for convenience, are without merit, and comment is useless.

There was no error in refusing charges 8 and 9, requested by the defendant. They charged that the intestate was guilty of contributory negligence, and under the evidence it was a question for the jury.

Charge 11, requested by the defendant, was properly refused. If not otherwise bad, it instructed a finding for the defendant, as to the entire complaint, upon the proof of contributory negligence, and therefore ignores the wanton count of the complaint.

Charge 13, refused the defendant was properly refused. If not otherwise bad, it instructs a finding for the defendant if there was no wantonness, and ignores the simple negligence count. Charge 14 is subject to the same criticism.

We do not think that the trial court erred in permitting counsel to ask the witness Lawrence the question, "State whether you listened carefully or not, when you stopped at the crossing;" and, "State whether or not

you looked carefully." They did not call for such an opinion or conclusion as to render them improper. Nor do they have to be justified under the theory of a shorthand rendering of facts. They call for the mere bald statement of a fact, and to which any witness with the God-given senses can testify without having to resort to an opinion or conclusion. Some of the courts have gone very far in holding witnesses down to the narration of details, and have in many cases discountenanced the statement of a result from concurrent or collective facts, to the extent of delaying and complicating, if not defeating, justice. The rule, however, has gone its limit in this state, and we are not disposed to extend it to a condemnation of the present questions, which we think were legitimate and proper. In laying a predicate for proof of lost documents, it is natural and proper to ask if diligent and careful search was made, and we think any witness should be allowed to testify that he looked carefully, or listened carefully or attentively.

The case of *L. & N. R. R. Co. v. Bouldin,* 110 Ala. 200, 20 South. 325, comes nearer being an authority against these questions than any we find, unless it may be the case of *Springfield v. Coe,* 166 Ill. 22, 46 N. E. 709, and which said last case is severely criticised by Mr. Wigmore.—Note to section 1951, p. 2593, vol. 3, Wigmore on Evidence. This *Bouldin Case, supra,* may be differentiated, however, from the case at bar upon the idea that the question in that case called for the opinion of the witness as to what constituted ordinary care during the day. It did not ask if the witnesses were looking carefully at a given time or for a particular object, but whether or not they kept an ordinary loookout that day.

The trial court did not err in refusing the motion for a new trial.

The judgment of the circuit court is affirmed.
Affirmed.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.

### ON REHEARING.

ANDERSON, J.—As stated in the original opinion, the *Bouldin Case, supra,* comes nearer being an authority against the two questions asked the witness Lawrence than any Alabama cases cited, and which, we think, can be and was differentiated from the present case. We will not undertake to comment on the cases cited in appellant's original brief, but repeat that none of them go as far as the *Bouldin Case* in support of appellant's contention.

The question in the case of *Birmingham R. R. v. Martin,* 148 Ala. 8, 42 South. 618, called upon the engineer to testify as to whether or not he carefully discharged his duties in and about the handling of the engine as he went along by and left Twenty-Fourth street; not whether or not he used his sense of sight and hearing at a particular time. The question condemned in the case of *Birmingham R. R. v. Baylor,* 101 Ala. 498, 13 South. 793, called for the mere opinion of the witness as to the safety of the switch, and not whether or not he carefully looked at it. The question in the case of *Tanner's Ex'r v. Louisville & N. R. Co.,* 60 Ala. 621, called upon the witness to state that he used all the means he had to stop the train; in other words, whether or not, and how, he discharged his duty.

The question here merely called for the personal observation of the witness—whether or not he looked carefully and listened carefully at a particular place and particular time. It was not even a shorthand ren-

·dering of collective facts, based upon personal observa-tion, and which has been justified by this court (*A. G. S. R. R. v. Yarbrough,* 83 Ala. 242, 3 South. 447, 3 Am. St. Rep. 715), but was the mere narration of a single fact that he looked carefully and listened carefully at a particular place and time. If he did not look or lis-ten carefully, he could have been and was tested upon the cross-examination. Moreover, he had already stat-ed, upon the direct examination as to the surrounding conditions and the directions, that he looked, and we do not think the trial court committed reversible error in permitting him to state that he looked and listened carefully after his train had stopped and before pro-·ceeding to cross the defendant's track. This was a fact which the plaintiff had the right to prove, and there was no better way to have done so.

The application is overruled.

