F. H. Goodwin *v.* E. E. Holmes.

January Term, 1914.

Present: Powers, C. J., Munson, Watson, Haselton, and Taylor, JJ.

Opinion filed February 10, 1914.

*Negligence—Trial—Rejection of Evidence—Repetition—*
*—Declarations.*

It is proper for the court to prevent a witness from repeating his testimony as to admissions or any other matter, in avoidance both of prolixity and of undue emphasis.

Trespass for running defendant's automobile into plaintiff's sulky. Plea, the general issue. Trial by jury at the September Term, 1912, Orleans County, *Miles,* J., presiding. Verdict for the defendant. The plaintiff excepted. The opinion states the case.

*Horace F. Graham* for the plaintiff.

*Fred Bicknell* and *J. W. Redmond* for the defendant.

Haselton, J. This is an action of trespass tried by a jury. Verdict and judgment were for the defendant. The plaintiff excepted.

The plaintiff's evidence tended to show that while he was driving a horse and two-wheeled sulky belonging to him, he met the defendant who was driving an automobile, and that the automobile ran into the sulky doing damage to the plaintiff, the sulky and harness and the horse.

The defendant's evidence tended to show that the automobile did not strike the plaintiff, the sulky or the horse, and that the injuries complained of resulted solely from the actions of the horse, and without any fault on the part of the defendant.

While the plaintiff, in direct examination, was testifying to the occasion of the accident he was asked this question: "Mr. Goodwin did Mr. Holmes say anything to you right there

on that occasion as to whether he was to blame or not for the injury?" The plaintiff answered: "Said he was. Said he would settle." This was objected to, but it appears from the bill of exceptions that it was received in evidence.

The plaintiff's counsel then offered to show that Mr. Holmes said to Mr. Goodwin "right there on the occasion while this thing was going on that he was willing to settle for anything that was fair in payment of the damages." This offered testimony was excluded, and the plaintiff excepted. The offer was to have the plaintiff repeat without material variation what he had just testified to, and no error appears. Quite likely the fact that the evidence already received was objected to led the plaintiff's counsel, for the moment, to lose sight of the fact that the court did not sustain the objection.

Admissions of a defendant are admissible in negligence cases as in other cases. *Stowe* v. *Bishop,* 58 Vt. 498, 3 Atl. 494, 56 Am. Rep. 569; *Williams* v. *Norton Bros.,* 81 Vt. 1, 69 Atl. 146; *Sias* v. *Lighting Co.,* 73 Vt. 35, 50 Atl. 554; *Moore* v. *Hill,* 62 Vt. 424, 19 Atl. 997.

But it is proper for the court to prevent a witness from repeating his testimony, whether it relates to admissions or to any other matter, in avoidance both of prolixity and undue emphasis.

Other exceptions were taken, but all others were expressly waived on argument here.

*Judgment affirmed.*