# Knowlton *v.* Central of Georgia Railway Co.

### *Damages for Setting Out Fire.*

(Decided April 22, 1915. 68 South. 281.)

1. *Evidence; Conclusion.*—Where the action was against a railroad company for burning plaintiff's property—a building adjacent to the railroad—and it appeared that the wind blew the heat and flame to some extent in an opposite direction, a witness who had asserted that the fire was of an incendiary origin, and that he saw several burnt matches close to the corner of the building which first caught fire and was furtherest from the railroad, could not be questioned whether the fire was hot enough to have burned up the matches, since his answer would have been a mere guess which the jury could have made as well as the witness.

2. *Same.*—Where a witness testified on the office and quality of spark arresters for locomotives, but admitted that he did not know how large the meshes should be in a properly constructed spark arrester, he cannot be questioned as to how far sparks could be seen on the ground when emitted from a proper arrester.

3. *Same; Expert Testimony; Hypothetical Question.*—Hypothetical questions having no basis in the evidence should not be permitted.

4. *Same.*—As indicating whether an engine was equipped with a proper spark arrester, a hypothetical question as to the size of the sparks, where indefinite as to such size, should not be permitted.

5. *Same; Opinion.*—Where a witness denied knowledge of how a proper spark arrester should be constructed, the court may exclude questions on cross-examination to him as to whether the emission of sparks of a particular size would indicate whether the engine was not equipped with arresters.

6. *Appeal and Error; Harmless Error; Evidence.*—Although objections were sustained to the questions, yet where it appeared that the witness answered the question to the best of his knowledge and belief, no prejudice resulted from the sustaining of the objection.

[Knowlton v. Central of Georgia Railway Co.]

7. *Evidence; Opinion; Expert.*—Although an expert who has detailed the facts may testify that conduct was careful or negligent, yet he cannot so testify without giving the facts upon which he bases his opinion.

8. *Appeal and Error; Harmless Error; Evidence.*—Where the facts on which an expert based his opinion that the conduct of the engineer was careful, were brought out on cross-examination, the fact that he did not give the facts in his direct examination on which he based his opinion was not prejudicial.

9. *Same.*—Where, in answer to other questions a witness gives all of his knowledge on the subject, any error in sustaining objections to questions seeking such knowledge is cured.

10. *Railroads; Setting Out Fire; Evidence.*—Where the action was against a railroad company for burning plaintiff's property, a question whether, on a certain day the boiler inspector found anything wrong with the spark arrester on engines coming from the place of the fire, is too broad.

11. *Same.*—Where the action was for the burning of cotton belonging to plaintiff stored in the building which was destroyed, the question whether an engine could be operated so as to lessen the liability to set fire to a bale of cotton on the platform, is not within the issue.

12. *Same.*—Where the building in which plaintiff's property was stored, and which was destroyed, was in proximity to the railroad company's track, that fact will not sustain a finding that it was fired by the engine of the railroad company.

APPEAL from Coosa Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by Charles Knowlton against the Central of Georgia Railway Company, for the destruction of property by fire, alleged to have been set out by the company's engine. Judgment for defendant and plaintiff appeals. Affirmed.

RIDDLE, ELLIS & RIDDLE, for appellant.

BARNES & BREWER, for appellee.

SOMERVILLE, J.—(1) On direct examination, the owner of the burned buildings, who was a witness for plaintiff, testified that a day or two before the fire he saw on the ground and picked up several burned matches, about three feet from the southwest corner of

the building which first caught, and which was farthest from the railroad. The witness had testified that he thought the fire was of incendiary origin. On redirect examination the court sustained defendant's objection to plaintiff's question: "Was that fire hot enough to have burned up matches in three feet of it?"

. In view of the fact that the matches were very small in size, and lying flat upon the ground, and that the wind blew the fire and, to some extent, the heat in an opposite direction, we do not think the witness was qualified to say that the matches would have been entirely consumed by the heat from the building. His answer would have been a mere guess, which the jury could have made quite as well as the witness.

(2) Defendant's witness Thompson, the engineer on its train, testified on the office and quality of spark arresters. He said: "I don't know how large the meshes to one of the spark arresters ought to be when properly constructed. It is between three-sixteenths and one-fourth of an inch. The sparks on my engine could not be very large; whatever size could get through the mesh— about the size of the end of a cedar pencil."

Plaintiff asked him, if the spark arresters were in proper condition, could a spark get through that could be thrown 60 yards, and be seen on the ground for that distance. It does not appear that the witness was any more capable than the jury of drawing the inference called for, at least as to the visibility of the spark.

(3) Moreover, the question was hypothesized, and there was no evidence that either of the engines that might have thrown sparks causing the fire had in fact at any time thrown such a spark as was hypothesized. The question was properly rejected.

(4, 5) Plaintiff's question to this witness: "If she would throw out a piece of fire as big as a marble

60 yards, would that indicate that there wasn't any netting in there?" was also objectionable as being based upon an abstract hypothesis, and also because the size of "a marble" is too indefinite to be the basis of a relevant conclusion. So far as the right to test the knowledge and credibility of the witness on cross-examination is concerned, this witness had professed no knowledge on this subject, and the discretion of the court in this behalf was not abused. The undisputed evidence was that these engines were equipped with spark arresters of meshed netting, and the twin question, "What size cinders would she have thrown out to indicate that there was no netting at all?" was collateral to the issue, and, for the reasons above stated, was not essential to the proper cross-examination of the witness.

(6) Plaintiff also asked this witness, "How far from a railroad will an engine properly equipped set a house afire?" and "How far do you think ordinary sparks could be blown, coming out of an engine well equipped?" Although, upon defendant's objection, these questions were excluded, the bill of exceptions shows that the witness answered both of them to the extent of his knowledge, and no prejudice is apparent. The first of these questions was, of course, flagrantly objectionable.

(7, 8) The trial court allowed the fireman who was serving on one of the suspected engines, and who had seven years' experience as such, to testify that, when approaching and passing these buildings on this occasion, the engineer was "very careful in handling the engine."

When the merit or quality of conduct is not within the ordinary cognizance of the jury, an expert witness is allowed to say whether, in his opinion, specified conduct was or was not careful, proper, or suitable.—*Cohn v. Robbins,* 159 Ala. 289, 194, 48 South. 853; *Weaver v. Ala. Coal Min. Co.,* 35 Ala. 176. But the facts or cir-

cumstances of the conduct in question ought to be first stated by a witness who has observed it, as a basis for his opinion.—*B. R. & E. Co. v. Baylor*, 101 Ala. 488, 13 South. 793; *Eureka Co. v. Bass*, 81 Ala. 200, 8 South. 216, 60 Am. Rep 152. This rule was not observed in the instant case; but the prejudice that might thereby have resulted to plaintiff was removed, and, indeed, the rule of exclusion was fully met, by the cross-examination of the witness, whereby the basis of his opinion was fully exposed to the jury.

The evidence showed very clearly that the only engines which might have caused this fire were numbered 1326 and 1624. One Leman, defendant's boiler inspector, who examined a number of engines, testified that he examined both of these just after the fire, and found them properly equipped with spark arresters.

(9) On cross-examination the court excluded plaintiff's question: "On the 18th did you find anything wrong with any spark arrester on any of these engines that came in from Birmingham?" This question was too broad under the issues as framed, and does not come within the rule of admissibility, as stated in the case of *Southern Railway Co., v. Stonewall Insurance Co.*, 177 Ala. 327, 58 South. 313, Am. Cas. 1915A, 987.

(10) If there was error in excluding the question to this witness as to whether he knew "when an engine is properly equipped to prevent throwing out sparks and firing property along the road," which we need decide, it was cured by his answer to other similar questions, affirming his knowledge of proper equipment, and denying his knowledge of its effect upon sparks as to the distance they might be thrown, and their ignition of property along the road. It does not appear that the witness Wright testified that "the master mechanic's front was recommended by the master mechanic's association," al-

[Knowlton v. Central of Georgia Railway Co.]

though several other witnesses had done so without objection by defendant; and the motion to exclude such testimony was therefore inapt. Moreover, such testimony was clearly relevant, and no ground of objection was specified.

(11) Defendant's question to the witness Pendergrast as to whether an engine can be so operated as to lower the liability to set fire to "a bale of cotton on the platform" was not within the issues of this case, and was properly excluded. It appears, however, that the question was specifically answered by the witness.

(12) We find no prejudicial error in any of the rulings of the trial court; and it is pertinent to observe that we find no evidence in the record, other than the proximity of these houses to the railroad, which even tends to establish a causal connection between their destruction by fire and the operation of defendant's road. Indeed, all the circumstances, so far as shown, tend strongly to the contrary. Such evidence would not support a verdict for plaintiff.—*Deason v. A. G. S. R. R. Co.*, 186 Ala. 100, 65 South. 172. Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.