(81 South. 831)

HOUSTON v. ELROD. (7 Div. 933.)

(Supreme Court of Alabama. April 10, 1919.)

1. APPEAL AND ERROR ⬦1050(1)—EVIDENCE —CONCLUSION OF WITNESS—PREJUDICIAL ERROR.

In action for injury sustained by plaintiff pedestrian in collision with defendant's automobile on a public road, permitting defendant to testify over plaintiff's objection that he was "very careful" in handling his car on that occasion was error, and the error *held* prejudicial.

2. EVIDENCE ⬦471(17) — CONCLUSION OF WITNESS.

In action for injuries sustained by plaintiff pedestrian in collision with defendant's automobile, answer to question, "If she had stood where she was, and the car had passed where it did pass, would the car have struck her?" was a conclusion, and inadmissible.

3. TRIAL ⬦143—AFFIRMATIVE CHARGE.

The affirmative charge should never be given, where there is material conflict in the evidence.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Action by Emma Houston against W. H. Elrod. From the judgment rendered, plaintiff appeals. Reversed and remanded.

Hunt & Wolfes, of Ft. Payne, and Luke P. Hunt, of Birmingham, for appellant.

Davis & Baker, of Ft. Payne, for appellee.

THOMAS, J. The complaint contained three counts, charging simple negligence and wanton or intentional injury. Defendant filed pleas to each count. Plea 1 was the general issue, and the other pleas were of contributory negligence. The court sustained demurrers to pleas 2 to 6, inclusive, as answer to the wanton or intentional injury count—count 3 of the complaint. At the request of the defendant, the affirmative charge, No. 6, was given to count 3.

A short statement of the facts is as follows: Mrs. Emma Houston sought recovery for personal injuries received by her near a church, when she was struck and run over by an automobile operated by defendant and proceeding in the same direction in which plaintiff was going. Plaintiff, with other ladies, was walking along the public road, and came to a point where there was a "turnout" in the road on both sides of a stump; plaintiff, and those traveling with her, taking the left-hand "turnout" of the road. Plaintiff testified that at the time she was injured she was trying to get out of the road on becoming aware that defendant's car was approaching behind her; that her first intimation of such approach was when the defendant driver cried out, as some of the witnesses said, "Look out!" or "Get out of the way!" and that at such alarm she started to get out of the road. Other witnesses for plaintiff gave substantially the same version of the accident. Defendant testified that he was proceeding at a low rate of speed, blew his horn upon approaching Mrs. Houston and her companions, and that they got out of the road; Mrs. Houston thereafter turning back into the road just as the car was approaching, and at a time when it was too late to avoid striking her. There was testimony by defendant's witnesses corroborating this statement.

[1] The defendant was permitted to testify, over plaintiff's objection, that he was "very careful" in handling his car on that occasion. Defendant's objection to the expression "very careful" was that it was an unwarranted conclusion of fact, and, being overruled, exception was reserved to the ruling. In L. & N. R. R. Co. v. Bogue, 177 Ala. 349, 356, 58 South. 392, 394, Mr. Justice Somerville said:

"It was clearly improper for the engineer to state 'whether or not the train was being negligently handled.' The question called for the conclusion of the witness, and invaded the province of both court and jury."

The general rule is that, on subjects within the common knowledge and experience of men in the ordinary walks of life and of common education, a witness "cannot be asked whether or not the act was careful or prudent." Knowlton v. C. of Ga. Ry. Co., 192 Ala. 456, 459, 460, 68 South. 281, 282; N. E. Glass Co. v. Lovell, 7 Cush. (Mass.) 319, 321; White v. Ballou, 8 Allen (Mass.) 408, 409; Stowe, Adm'x, v. Bishop, 58 Vt. 498, 501, 3 Atl. 494, 56 Am. Rep. 569; Bemis v. Cent. Vt. Co., 58 Vt. 636, 3 Atl. 531; Fraser v. Tupper, 29 Vt. 409; Higgins v. Dewey, 107 Mass. 494, 496, 9 Am. Rep. 63; Schwinger v. Raymond, 105 N. Y. 648, 651, 11 N. E. 952; Milwaukee, etc., Ry. v. Kellogg, 94 U. S. 469, 475, 24 L. Ed. 256. See Southern Ry. Co. v. Stollenwerck, 166 Ala. 556, 563, 52 South. 204, and cases there cited, where this question is discussed and distinguished from a "looking carefully."

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appellee insists that, notwithstanding the statement of the witness that he was very careful in his approach to plaintiff and her companions on the occasion of the injury, yet the facts were so stated as that the actual conditions were apparent to the jury, and hence the error was harmless. Sloss-Shef. S. & I. Co. v. Mitchell, 181 Ala. 576, 586, 61 South. 934. We cannot say, from an examination of the testimony, that prejudicial error was not committed in allowing the witness to so state over defendant's objection:

"I wanted to let the people get out of the way, and I was very careful."

[2] Defendant's witness, Miss Daisy Elrod, was asked by defendant's counsel:

"I will ask, when you saw her on the side of the road, on the left side of the road, if she had stood where she was, and the car had passed where it did pass, would the car have struck her?"

The plaintiff objected to the question on the ground that it called for the conclusion of the witness. The court overruled the objection and allowed the witness to answer the question; and to the ruling of the court the plaintiff excepted. The witness answered, "No, sir." The plaintiff moved the court to exclude the answer, on the ground assigned to the question. The court overruled plaintiff's objection and motion to exclude, permitted the statement of the witness to go to the jury, and to that ruling the plaintiff duly excepted, and assigns error in this court. In this ruling the court committed reversible error. The witness should not have been permitted to decide the issue in controversy; it was a fact for the determination of the jury. Fuller v. Fair, 202 Ala. 430, 80 South. 814; Bigham v. State, 82 South. 192, post, p. 162; Miller v. Whittington, 202 Ala. 406, 80 South. 499; L. & N. R. R. Co. v. Bogue, supra, 177 Ala. 396 (4), 58 South. 392; L. & N. R. R. Co. v. Landers, 135 Ala. 504, 512, 33 South. 482; A. C. G. & A. Ry. Co. v. Heald, 178 Ala. 636, 645, 646, 59 South. 461; St. L. & S. F. R. R. Co. v. Brantley, 168 Ala. 579, 591, 53 South. 305; Brandon v. Progress Distilling Co., 167 Ala. 365, 368, 52 South. 640; Eureka Co. v. Bass, Adm'r, 81 Ala. 200, 8 South. 216, 60 Am. Rep. 152; Perry v. Graham, 18 Ala. 822, 825.

[3] It is true the affirmative charge should never be given when there is material conflict in the evidence. Morrison v. Clark, 196 Ala. 670, 675, 72 South. 305; Peters v. Sou. Ry. Co., 135 Ala. 533, 537, 33 South. 332. A careful consideration of the evidence under the count for wanton or intentional injury convinces us that no error was committed in giving the affirmative charge (No. 6) to the count. There was no reversible error in giving defendant's charges 1, 2, 3, 4, 5, 7, 11, 12, 13, and 14. Charge 8 might have been refused as argumentative, and

charge 10 as being misleading. The giving of charge 9 was error on account of the omission of the word "if," in the last clause thereof, between the words "and" and "the plaintiff knowing," etc.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.