# Birmingham Ry. L. & P. Co. *v.* Dickerson.

### Action for Injury to Passenger.

(Decided Feb. 6, 1908. 45 South. 659.)

*Carriers; Injury to Passenger; Contributory Negligence; Stepping From Moving Car.*—A plea of contributory negligence alleging that plaintiff stepped or jumped from moving car of defendant and in a direction opposite from which the car was moving, is defective for failing to allege the speed of the car, as it is not negligence as a matter of law to alight from a slowly moving car, even by stepping in the opposite direction.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHAPRE.

Action by Kate Dickerson against the Birmingham Railway, Light & Power Company for injuries received in alighting from one of defendant's cars. Judgment for plaintiff. Defendant appeals. Affirmed.

There were two counts in the complaint. The first was for simple negligence, caused by the car being started, jerked, or its speed accelerated, while she was engaged in or about alighting therefrom. The second count was for wanton or willful injury, alleging the negligence as alleged in the first count and that it was willfully or wantonly done by the agents or servants of defendant acting within the scope of their authority. Issue was joined on the general issue and three special pleas, the plea numbered 4 being as follows: "(4) And for further answer to each count of plaintiff's complaint, separately and severally, defendant says that plaintiff herself was guilty of negligence which proximately contributed to her said alleged injuries, and that her negligence consisted in this: Plaintiff stepped or jumped from a moving car of the defendant and in an opposite direction from which said car was moving." Demurrers were interposed to this plea as follows: "(1) The allegation of contributory negligence is a conclusion of law. (2) It is not necessarily, as a matter of law, negligent for a passenger to step from a very slowly moving car in an opposite direction from which said car is moving," etc. Demurrers were sustained to this plea, and there was judgment for plaintiff, assessing her damages at $1,000.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. Under the testimony, the court should have given charge 2.—*Watkins v. B. R. L. & P. Co.*, 120 Ala. 153. The pleas properly presented the issues raised by charge 3, and its refusal was error.—*C. R. & B. Co. v. Meyer*, 88 Ala. 263. The court erred in refusing defendant's 5th charge. —*Hunter v. L. & N. R. R. Co.*, 43 South. 804; *Watkins v. B. R. L. & P. Co., supra*. It was negligence as a mat-

[Birmingham Ry. L. & P. Co. v. Dickerson.]

ter of law for the plaintiff to step from a moving car in an opposite direction, from which the car was going.— *Bir. Ry. L. & P. Co. v. Glover,* 142 Ala. 492. Counsel discuss other assignments of error but without citations of authority.

BOWMAN, HARSH & BEDDOW, for appellee. The court did not err in sustaining demurer to the 4th plea.—*Osborne v. Ala. Steel & Wire Co.,* 135 Ala. 571. To step from a slowly moving car is not necessarily negligence as a matter of law.—*K. C. M. & B. R. R. Co. v. Matthews,* 142 Ala. 298; *Sweatt v. B. R. L. & P. Co.,* 136 Ala. 166; *B. R. L. & P. Co. v. James,* 121 Ala. 120; Nellis St. Ry. Acci. Law, p. 190, and authorities there cited.

ANDERSON, J.—As a general rule alighting from a moving car is not necessarily negligence per se. There may be exceptional circumstances attending the attempt thus to alight, such as the great speed of the train, the age or infirmity of the passenger, or his being incumbered with bundles or children, or other facts, which render the attempt so obviously dangerous that the court may, where the testimony is undisputed, declare as matter of law that the passenger's conduct was reckless and negligent.—*Hunter v. L. & N. R. R.,* 150 Ala. 594, 43 South. 802, 9 L. R. A. (N. S.) 848; *Watkins v. Birmingham Elec. Ry. Co.,* 120 Ala. 152, 24 South. 392, 43 L. R. A. 297; *K. C., M. & B. R. R. v. Matthews,* 142 Ala. 298, 39 South. 207; *Sweet v. B. R. & E. Co.,* 136 Ala. 166, 33 South. 886; Nellis, St. R. R. Accident Law, p. 190. In the *Hunter Case, supra,* this court held that the plaintiff was guilty of negligence as matter of law in alighting from the train in the night-time, and which was going at a rate of from six to ten miles per hour. It was

also held negligence per se in the case of *Birmingham R.,
L. & P. Co. v. Glover,* 142 Ala. 492, 38 South. 836, for the
plaintiff to have alighted from a car, by stepping in the
opposite direction from which the car was going, and
which, as shown by some of the evidence, was going at
the rate of five or six miles per hour. Of course, a per-
son might be guilty of negligence per se in stepping off
a moving car in an opposite direction from which it was
going, when he would not be if stepping in the direction
it was going, and when going at the same rate of speed.
But it cannot be said to be negligence as matter of law
to step off a slowly moving car, even if the party steps
in an opposite direction from which it was going.

The fourth plea does not aver that the car was going
at a rapid or dangerous rate of speed, nor does it aver
the rate of speed. Non constat, it may have been going
extremely slow, barely moving; and, if referable to the
first count of the complaint, the defect is not cured, as
the complaint does not aver the rate of speed or whether
slow or fast. It avers that the car "was started with a
sudden jerk, or the speed thereof was suddenly increas-
ed." There could have been a sudden jerk, or an in-
crease in speed, and yet the car may have been going so
slow as to authorize one to step therefrom in any direc-
tion without being guilty of negligence. The case of
*Glover v. Birmngham R., L. & P. Co., supra,* is unlike
the case at bar. There some of the evidence showed that
the car was going from five to six miles per hour, and the
court held that it was negligence as matter of law for the
plaintiff to have stepped off backwards, or with his face
to the rear of the car, if the car was going that fast. Here
we have nothing in the plea to indicate that the car was
going at such a rate of speed as to render the plaintiff
guilty of negligence in stepping off of same in any di-

rection. The trial court did not err in sustaining the demurrer to the fourth plea.

The judgment of the city court is affirmed.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.