[Birmingham Railway, Light & Power Co. v. Selhorst.]

# Birmingham Railway, Light & Power Co. v. Selhorst.

## Injury to Passenger.

(Decided Feb. 3, 1910.    51 South. 568.)

1. *Carriers; Passengers; Injury; Complaint.*—A count which alleges that as plaintiff was in the act of boarding the car and was on one of its steps, the persons in charge of the car negligently caused it to lurch or jerk, causing the passenger to be thrown to the ground. is sufficient, since the words used imply notice of plaintiff's position.

2. *Same.*—A count alleging that the injuries complained of were proximately caused by the wantonness of the conductor in charge of the car while acting within the scope of his employment in that knowing that the passenger was in the act of boarding the car and knowing that to cause the car to start forward would likely injure the passenger, wantonly caused the car to start forward and wantonly inflicted the injuries complained of, is sufficient to charge wantonness.

3. *Same.*—The action being for injuries to a passenger while attempting to board a car, a count alleging that the injury was caused proximately by the persons in charge of the car, while acting within the scope of their employment, because of the negligent manner in which they operated the car sufficiently sets forth the negligence complained of, and relied on.

4. *Same; Existence of Relation; Pleading.*—An averment in a complaint that the defendant was operating streets cars as a common carrier of passengers for reward is tantamount to an averment that the carrier was a public carrier of passengers.

5 *Same; Contributory Negligence.*—Pleas of contributory negligence which fail to set out the constituent elements of the negligence charged, are bad.

6. *Same; Evidence.*—It was not error to refuse to permit plaintiff to testify that his little boy knew that he had fallen from the car, which is alleged to have injured him.

7. *Same; Wantonness; Jury Question.*—The evidence stated in this case examined and held sufficient to require the counts charging wantonness to be submitted to the jury for a determination of that issue.

8. *Negligence; Contributory Negligence; Evidence.*—Where the action was for injury to passenger while attempting to board a car questions as to his habits of riding on the platform on previous occasions were not permissible on the issue of his contributory negligence.

9. *Same; Contributory Negligence; Defense.*—Contributory negligence is not available as a defense to a count charging wanton or wilful injury.

10. *Trial; Reception of Evidence; Necessity of Showing Purpose.*—In the absence of a statement of a purpose to show the relevancy of questions prima facie inadmissible, the court will not be put in error for sustaining objections thereto, although when properly explained, the answers to the questions might be made relevant.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by George Selhorst against the Birmingham Railway, Light & Power Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The complaint is in the following language:

"(1) Plaintiff claims of the defendant the sum of $5,000 damages, for that heretofore, on, to wit, about the 31st day of October, 1905, the defendant was, among other things, engaged in carrying passengers for hire between Birmingham and Powderly, and intervening points; that on or about said day the plaintiff, at or about Fourteenth street and First avenue, at a place where the cars of the defendant stop to take on and let off passengers, the plaintiff, for the purpose of becoming a passenger on one of defendant's cars attempted to board said car. He avers that as he was in the act of getting on said car, and was on one of the steps of the same going into said car, the defendant, its agent, servant, or employe in charge of said car negligently caused the same to jerk or lurch, and caused plaintiff to be violently thrown to the ground; that as a result of said negligence he was thrown to the ground and (here follows a list of the injuries and special damages), all as a proximate result of said negligence, and to his damage in said sum.

"(A) Plaintiff claims of the defendant the further sum of $5,000 damages, in this: That on or about the 31st day of October, 1905, the defendant was operating

street cars between Birmingham and West End, Alabama, as a common carrier of passengers for reward. (Here follow the same allegations as in count 1 as to damages and injuries, alleged to have been caused while plaintiff was a passenger by being thrown to the ground.) And plaintiff avers that his said injuries were proximately caused by the wantonness of the defendant's conductor, who had charge of the operation and running of said car, and while acting within the line and scope of his employment by the defendant; that said wantonness consisted in this: That said conductor, knowing the plaintiff was in the act of taking passage on said car, and while the same was stopped, and knowing that to cause said car to start forward would likely injure the plaintiff, yet the said conductor wantonly caused said car to start forward, and wantonly inflicted on said plaintiff his injuries as aforesaid."

(D) Same as A, except that it is averred that the injuries to plaintiff were caused proximately by the defendant's agents or servants while acting within the line and scope of their employment in the negligent manner in which they ran and operated said car.

Demurrers to count 1 were as follows: "(1) Vague, uncertain, and indefinite. (2) It is not sufficiently certain what duty defendant owed to plaintiff. (3) It is not sufficiently certain wherein or how the defendant violated any duty which it owed to plaintiff. (4) It does not appear that said car had stopped, if in fact it had stopped, at said time and place for the purpose of allowing the plaintiff to take passage thereon. (5) It does not appear therefrom that the servant or employe of defendant in charge of said car knew, or could have known by the exercise of due care, that plaintiff was in the act of boarding said car at the time when it was al-

leged that said car was started forward. (6) For aught that appears, plaintiff attempted to board the car while in motion. (7) It does not appear that the agent, servant, or employe was acting within the line and scope of his employment."

To count A: Because it does not sufficiently charge wanton misconduct as the proximate cause of plaintiff's injury, and does not allege that plaintiff was in a position of peril when the car started, and because it is repugnant, in charging wantonness and simple negligence in the same count, and does not show that the negligent and wrongful conduct complained of was the proximate cause of plaintiff's injury, together with all the grounds of demurrer interposed to count 1.

To count D₁: All the grounds interposed to count 1, and the further ground that the negligence is not set out with sufficient certainty, and that said count does not sufficiently allege whether plaintiff was boarding or alighting from the car, or riding in it.

The following pleas, among others, were filed by the defendant:

"(4) For further plea, in answer to each count of plaintiff's complaint separately and severally, defendant says that plaintiff himself was guilty of negligence which proximately contributed to his injury, and that his said negligence consisted in this: Plaintiff negligently caused or allowed himself to fall from defendant's car. (5) To each count defendant says that plaintiff was himself guilty of negligence which proximately contributed to his injury, and that his said negligence consisted in this: That he negligently failed to properly support or maintain himself while riding on defendant's platform or steps while defendant's car was in motion, as it was his duty to do."

[Birmingham Railway, Light & Power Co. v. Selhorst.]

TILLMAN, BRADLEY & MORROW, for appellant.—The court erred in overruling demurrer to the 1st count. The count does not allege that the car was jerked or lurched in starting, and it is not shown thereby that the car-men had actual knowledge of plaintiff's peril or presence.—*E. Ry. Co. v. Chewning*, 93 Ala. 24. The count does not allege with sufficient certainty the relation of the parties or that the carrier was a public carrier of passengers at the time.—*E. Ry. v. Chewning, supra.* Counsel discuss errors assigned as to overruling demurrers to the other counts, but cite no authority in support thereof. The court should have given the affirmative charge as to the counts charging wantonness. —*Bir. Ry., L. & P. Co. v. Hawkins.* Counsel also discuss assignments of error relative to evidence, but without citation of authority.

FRANK S. WHITE & SONS, and ARTHUR L. BROWN, for appellee.—Count 1 was sufficient against any demurrer filed thereto.—*Armstrong v. Montgomery St. Ry.*, 123 Ala. 244; *Bir. R., L. & P. Co. v. Bennett*, 144 Ala. 372; *Same v. Wise*, 149 Ala. 496; *Same v. Dickerson*, 154 Ala. 523; *Same v. Haggard*, 155 Ala. 343; *Same v. McGinty*, 48 South. 491. Count A was good.—*Bir. R., L. & P. Co. v. Wise, supra; Same v. Lee*, 153 Ala. 79; *Lindsey's Case*, 140 Ala. 312; *Armstrong v. Montgomery St. Ry., supra.* The same is true of count D.—Authorities supra. The demurrers were properly sustained to plea B.—*Creola L. Co. v. Mills*, 149 Ala. 482; *Osborne v. Ala. S. & W. Co.*, 135 Ala. 571, and authorities supra. The question to witness as to how many times he had been hurt on a street car before, and as to his habits of boarding the car and riding on the platform on previous occasions, were immaterial.—*Glass v. M. & C. R. R. Co.*, 94 Ala. 581; 1 Greenl. sec. 14; Wigmore, sec. 199. Counsel

should have gone further and stated the purpose of the question.—*Ross v. The State,* 139 Ala. 144; *Parham v. The State,* 147 Ala. 65; *Carwile v. Carwile,* 131 Ala. 606. It was not competent to ask plaintiff if his little boy knew he had fallen.—*Bailey v. The State,* 107 Ala. 151; *C. of Ga. v. Martin,* 138 Ala. 533. The court did nor err in refusing the affirmative charge as to counts charging wantonness, as there was evidence tending to support that charge.—*Postal Tel. Co. v. Jones,* 133 Ala. 228; *Peters v. Southern Ry.,* 135 Ala. 537; *B. R. & P. Co. v. Moore,* 50 South. 115.

ANDERSON, .—It is true that count 1 does not aver that the car had come to a stop when the plaintiff attempted to board same, and it may be that the defendant owed no duty to the plaintiff not to jerk the car under the circumstances detailed, unless the servants knew that plaintiff was attempting to get on same; but the averment that they negligently jerked or lurched same would imply notice of the plaintiff's position. Nor do we think the count bad for failing to aver the relationship of the parties. It may not aver in words that defendant was a public carrier of passengers; but it does aver that it was operating street cars "as a common carrier of passengers for reward," which in effect avers that it was a public carrier of passengers. The trial court did not err in overruling the demurrer to count 1.

Count A as amended was not subject to the demurrers interposed thereto, which were properly overruled by the trial court.

Count D was not subject to the demurrers interposed to same.—*Birmingham R. R. v. Haggard,* 155 Ala. 343, 46 South. 519; *Armstrong v. Montgomery R. R.,* 123 Ala. 244, 26 South. 349.

The fourth plea was bad in failing to set out the constituents of the contributory negligence, as the negligence set up is a mere conclusion of the pleader, and the demurrer thereto was properly sustained.—*Creola Co. v. Mills*, 149 Ala. 474, 42 South. 1019; *Osborne v. Steel Co.*, 135 Ala. 571, 33 South. 687; *Birmingham R. R. v. Dickerson*, 154 Ala. 523, 45 South. 659.

The fifth plea was one of contributory negligence, and was no answer to amended count A, which charged wantonness.

The evident prima facie purpose of the defendant in attempting to show that the plaintiff had sustained previous injuries on street cars was to prejudice him with the jury with immaterial matter. It is insisted that appellant had the right to show other injuries as affecting the extent of the injuries sustained in the instant case. There was nothing in the question to indicate that these injuries still affected the physical condition of the defendant, or that the purpose in asking said questions were to reduce the injuries inflicted in the present case. In the absence of some statement of a purpose to show the materiality and relevancy of the evidence sought by these questions, the trial court will not be put in error for sustaining the objection thereto.

There was no merit in the questions as to whether or not the plaintiff on previous occasions rode on the platform.

There was no error in refusing to let plaintiff testify that his little boy knew that he had fallen.—*Bailey v. State*, 107 Ala. 152, 18 South. 234; *Dunn & Lallande Bros. v. Gunn*, 149 Ala. 597, 42 South. 686.

The trial court did not err in refusing the general charge, requested by the defendant, as to amended count A. There was evidence from which the jury could infer that the plaintiff was in a perilous position when the

car was started. The conductor admitted that he gave the signals for the car to start, and that he saw the plaintiff before he did so, and that the car was started from his signals. He claimed, however, that the plain-. tiff was on the platform when he did so, and was not, therefore, in a perilous position. On the other hand, there was proof that the plaintiff was in the act of getting on the car, and was not securely on the platform, when the car was started. It was for the jury to determine whether or not the plaintiff was in a perilous position when the conductor signaled the car to start, and whether or not the conductor knew of the plaintiff's perilous position when he signaled the car to start. The conductor said that he was not; but there was evidence from which the jury could infer that plaintiff was in a perilous position and that the said conductor knew it when he started the car, or signaled for it to be started.

The judgment of the city court is affirmed.

Affirmed.

McCLELLAN, MAYFIELD, and SAYRE, JJ., concur.