[Birmingham Ry., L. & P. Co. v. Frazier.]

# Birmingham Ry., L. & P. Co. *v.* Frazier.

### Injury to Passenger.

(Decided October 26, 1915.   69 South. 969.)

1. **Carriers; Passengers; Proximate Cause; Dependent Averment.**—Where the first count of the complaint averred that the servants of defendant in charge of the car so negligently conducted themselves in its management that plaintiff was thrown violently to the ground, with specifications of injuries, and that plaintiff avers her said wounds and injuries were the proximate cause of the negligence of defendant's servants or agents as aforesaid, the complaint was sufficient, for although the latter averment was dependent, it was fully sustained by the general averment of negligence in the body of the count.

2. **Same.**—Where the general averment of negligence in a complaint is made dependent upon the particular facts stated therein, such a complaint is subject to demurrer unless such facts constitute actionable negligence.

3. **Same; Damages.**—Where plaintiff produced evidence tending to show her earning capacity previous to the injury, and her confinement thereafter, together with the period of attendance of a physician, and defendant adduced evidence tending to show that plaintiff was not seriously injured, the court was justified in charging the jury as to the law governing plaintiff's right to recover for loss of time; the weight and sufficiency of the evidence being for the jury.

4. **Appeal and Error; Excessive Verdict.**—To warrant reversal because of excessiveness of the verdict, it must be palpably opposed to the weight of the evidence or must indicate that the jury was moved by prejudice, passion or other unworthy motive.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Action by Pearl Frazier against the Birmingham Railway, Light & Power Company for damages for injuries while a passenger.   Judgment for plaintiff and defendant appeals.   Affirmed.

The pleadings sufficiently appears, as do the questions of the court's oral charge.   Charge 3 is as follows:

In determining the compensation that you will award plaintiff, you are not authorized to consider as the amount to be awarded her the sum that you would accept as payment for having your wife fall under similar circumstances and suffer similar injuries.

TILLMAN, BRADLEY & MORROW, JOHN S. STONE, and P. P. WALDROP, for appellant.   ERLE PETTUS, for appellee.

BROWN, J.—(1) The first count of the complaint, after showing by appropriate averments that the defendant was engaged in business as a common carrier, that in the prosecution of its business it operated a street railway system and operated thereon cars for the carriage of freight and passengers, that the plaintiff was a passenger on one of its cars, further avers: "That defendant's servants or agents in charge or control of said car so negligently conducted themeslves in and about the management or control of the same that the plaintiff was thrown violently to the ground at the following place, namely, First avenue and Nineteenth street, Birmingham, Ala., and had her head injured, her back hurt, her side injured, her shoulder sprained, was badly bruised and wounded and made sick and sore, rendered for a long time unable to work and earn money and was permanently injured; *and plaintiff avers her said wounds and injuries were the proximate consequence and caused by reason of the negligence of defendant's servants or agents as aforesaid.*"

Appellant, citing as an authority to sustain its contention *Birmingham Railway, L. & P. Co. v. Parker,* 150 Ala. 251, 47 South. 138, contends that the averments above italicized render the averments of this count equivocal and subject to demurrer; in other words, that the italicized averment ending with the words "as aforesaid" is a dependent averment, and that it is not sustained by what precedes it.

(2) While it is unquestionably true that these averments are dependent, they are dependent upon, and fully sustained by, the general averment of negligence in the body of the count, to-wit: "That defendant's servants or agents in charge or control of said car so negligently conducted themselves in and about the management and control of the same," etc.

The demurrers were not well taken, and were properly overruled.—*Birmingham Ry., L. & P. Co. v. Ryan,* 148 Ala. 75, 41 South. 616. In the case of *Birmingham Ry., L. & P. Co. v. Parker, supra,* the count stated the particular facts supposed to constitute the negligence, and the general averment of negligence was made dependent upon the particular facts stated. In such a case, unless the particular facts constitute actionable negligence, the count is subject to demurrer.—*Johnson v. Birmingham Ry., L. & P. Co.,* 149 Ala. 529, 43 South. 33; *Birmingham Ore & Mining Co. v. Grover,* 159 Ala. 276, 48 South. 682.

[Birmingham Ry., L. & P. Co. v. Frazier.]

Special charge 3 refused to defendant is argumentative, and it was properly refused.—*Roberson v. State,* 162 Ala. 30, 50 South. 345.

The third assignment of error is predicated on what is supposed to be an exception to a portion of the oral charge of the court. The excerpt copied in the assignment of error is: "I charge you, gentlemen, that you may award her such sum, if you find for the plaintiff, as would reasonably compensate her for any injury she may have received as the proximate consequence of the negligence complained of, for any physical or mental pain she may have suffered as a proximate consequence of the negligence complained of."

It is now argued that this part of the charge was erroneous, because the averments of the complaint are not comprehensive enough to embrace a recovery for physical or mental pain. However that may be, the question is not presented by the record. The oral charge of the court is set out in full and no reference is made in the oral charge to physical or mental pain as an element of recoverable damages. In other words, when the oral charge is read in connection with the exception and assignment of error, the assignment is not sustained.

(3) The plaintiff adduced evidence tending to show that previous to her injuries she was accustomed to earn from $3.50 to $4 per week, that she was confined to her bed for two weeks on account of her injuries, and that she was under the care of a physician from about the 15th of March until the first week in May, and, while the defendant adduced evidence tending to show that she was not seriously injured, the weight and sufficiency of the evidence was for the jury. This evidence justified the court in giving in charge to the jury the rules of law governing the right of plaintiff to recover for loss of time and inabiilty to work while suffering from her injuries.

Considering the oral charge as a whole and as set out in the record, when referred to the pleadings and evidence, we find no error therein.—*Southern Ry. Co. v. Weatherlow,* 164 Ala. 151, 51 South. 381.

(4) In addition to the evidence tending to show physical injury and the loss of time, the evidence also tends to show that the plaintiff suffered permanent impairment of her physical ability to do the work she was accustomed to do before her injuries, and, after careful consideration of the evidence, "we are

not convinced that the verdict was so palpably opposed to the weight of the evidence as to warrant the reversal of the conclusion of the trial court in the premises."—*Southern Ry. Co. v. Weatherlow, supra.*

This disposes of all the errors assigned and argued, and we find no error therein.

Affirmed.