# Western Railway of Alabama v. Mays.

### Injury to Interstate Employee.

(Decided June 30, 1916.   72 South. 641.)

1. **Negligence; Pleading; General Terms.**—Negligence may be averred in very general terms, and the quo modo of the negligence need not be defined.

2. **Master and Servant; Injury to Servant; Complaint.**—In an action by a brakeman for injuries sustained while unloading a barrel of oil, a complaint alleging that an agent of the railroad company while in the performance of his duty, negligently pushed the barrel upon or against plaintiff, sufficiently alleges negligence.

3. **Charge of Court; Directing Verdict.**—A verdict may not be directed for defendant unless there is no evidence tending to support the cause of action as averred.

4. **Master and Servant; Injury to Servant; Jury Question.**—Where the action was by a brakeman for injuries suffered in unloading a heavy barrel of oil, and there was evidence that the conductor pushed the barrel onto plaintiff and another, who were ordered to unload it, the question of negligence of the conductor was for the jury under the count alleging that he negligently pushed the barrel, as well as a count alleging that he permitted it to strike plaintiff.

5. **Commerce; Regulations; Subject; Railroads.**—Whether a railroad employee was injured while engaged in interstate commerce is to be determined by whether the work or acts in which he was then engaged was a part of the interstate commerce in which the carrier was engaged.

6. **Same.**—A brakeman injured while unloading a barrel of oil shipped from a foreign state on an interstate train on which he was working, was injured in interstate commerce.

7. **Negligence; Contributory; Federal Employer's Liability Act.**—Under the Federal Employer's Liability Act, the contributory negligence of the injured employee does not bar recovery as the act requires only that the

[Western Railway of Alabama v. Mays.]

damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee.

**8. Master and Servant; Injury to Servant; Contributory Negligence.**—In an action by a brakeman for injuries received while unloading a barrel the defendant was not entitled to an instruction to find for defendant, if the jury believe from the evidence that plaintiff undertook to unload the barrel when he knew that injury would probably result to him in so doing, as the charge assumes plaintiff's knowledge of probable injury.

**9. Same.**—Where there was evidence that a bystander suggested that more help was needed to unload the barrel, defendant was not entitled to an instruction to find for defendant if they believe from the evidence that plaintiff was warned before undertaking to unload the barrel; as such charge assumed, as a matter of law, that the warning was sufficient notice to cause plaintiff to appreciate the danger, no matter what the source of the warning.

**10. Appeal and Error; Review; Motion to Exclude.**—In the absence of a motion to exclude improper or objectionable argument of counsel, such argument is not reviewable.

**11. Trial; Argument of Counsel.**—Where counsel asserted that a witness had been drilled in his testimony, and, upon objection being interposed, said, "I withdraw that and apologize," the court was not called upon to specifically exclude the remark, or to instruct the jury thereon, or to reprove counsel, since the atonement was as complete as could well be made.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by Tom Mays against the Western Railway of Alabama, for injuries received while in its employment. Judgment for plaintiff and defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Act of April 18, 1911. Affirmed.

The fifth count states the relation as that of employer and employee, that the train on which plaintiff was an employee was engaged in interstate commerce between the states of Alabama and Georgia, and that, while engaged in its employment in such commerce, and while removing, or assisting to remove, a barrel of oil from a railroad car upon a railroad track at or near Burkville in Lowndes county, Ala., said barrel of oil struck or ran upon plaintiff, and by reason thereof and as a proximate result plaintiff was injured. Practically the same allegations were made in the seventh count. The allegation of negligence sufficiently appears from the opinion, as do the other facts.

The following charges were refused to defendant:

(16) If you believe from the evidence in this case that plaintiff was warned before undertaking to unload the barrel of oil that there was danger of his not being able to do so, and that he was requested to wait until help could be gotten to assist him,

[Western Railway of Alabama v. Mays.]

but that notwithstanding the request, he voluntarily undertook to assist in unloading the same before further assistance could be gotten, and in so doing proximately caused the injury complained of, then defendant was not liable to him, and your verdict should be for defendant.

(17) Plaintiff was not bound to obey or conform to any orders given him if he knew that obeying them would probably cause damage to him; and, if you believe from the evidence that he undertook to assist in unloading a barrel of oil upon being told so to do, when he knew that injury would result to him in so doing, and as a proximate result of his undertaking did receive the injuries complained of, then I charge you that defendant is not liable to him, and your verdict should be for defendant.

(19) If you believe from the evidence that plaintiff, before undertaking to unload the barrel of oil, was warned that possibly he might not be able to do so, and that he had better wait until assistance could be gotten, notwithstanding the same he voluntarily undertook to assist in unloading the barrel of oil, and that as a proximate consequence thereof it fell on him and injured him as complained of, then I charge you that your verdict should be for defendant.

STEINER, CRUM & WEIL, for appellant. W. E. ANDREWS, and HILL, HILL, WHITING & STERN, for appellee.

THOMAS, J.—This action is by Tom Mays, appellee, against the Western Railway of Alabama, appellant, for personal injuries sustained by plaintiff, as a brakeman of the defendant, while unloading a barrel of oil from one of defendant's cars. The case was submitted on counts 5 and 7, which counts are sufficient under the Federal Employer's Liability Act. The allegation of negligence in count 5, following the recital of the circumstances of the injury complained of, was that: "One Williamson, an officer, agent or employee of said defendant, while acting within the line or scope of his employment  *   *   *  negligently pushed or shoved said barrel of oil from said railroad car, upon or against plaintiff as aforesaid."

The like allegation in count 7 is that: "Said Williamson, *   *   *  while removing said barrel of oil from said railroad car, negligently suffered or permitted said barrel of oil to strike or run upon or against plaintiff."

(1) That negligence may be averred in a very general way, and that the quo modo of the negligence need not be defined, is settled by this court.—*T. C., I. & R. R. Co. v. Smith,* 171 Ala. 251, 55 South. 170; *B. R., L. & P. Co. v. Selhorst,* 165 Ala. 475, 51 South. 568; *So. Ry. Co. v. Crawford,* 164 Ala. 178, 51 South. 340; *L. & N. R. R. Co. v. Marbury,* 125 Ala. 237, 28 South. 438, 50 L. R. A. 620; *Armstrong v. Montgomery St. Ry. Co.,* 123 Ala. 233, 26 South. 349; *L. & N. R. R. Co. v. Church,* 155 Ala. 329, 46 South. 457, 130 Am. St. Rep. 29; *T. C., I. & R. R. Co. v. Moore,* 194 Ala. 134, 69 South. 540.

In *Wes. Ry. of Ala. v. Foshee,* 183 Ala. 182, 62 South. 500, it was held that an averment that the defendant was guilty of negligence in and about carrying plaintiff as its passenger, in connection with a statement of the relation between the parties, was sufficient.

(2) The count in *Woodward I. Co. v. Marbut,* 183 Ala. 310, 62 South. 804, concludes with the averment that "said injury and damage were caused by reason and as a proximate consequence of the negligence of a person in the service and employment of defendant, and intrusted by it with superintendence, whilst in the exercise of such superintendence, to wit, Tom Cosper," and the failure to point out even in general terms any act of negligence on the part of the alleged superintendent, with respect to his duties while so engaged, was held a ground for demurrer. Here, the fifth count avers the negligence of Williamson, the agent of defendant, while acting in the line and scope of his employment, in that he "negligently pushed or shoved said barrel of oil from said railroad car upon or against plaintiff as aforesaid." This was sufficient.—*T. C., I. & R. R. Co. v. Moore, supra.*

The court did not err in overruling defendant's demurrer to counts 5 and 7.

(3) The third, fourth, and fifth assignments of error are based on the refusal of defendant's request for the affirmative charges. It is only where there is no evidence tending to establish the cause of action as averred that the court may direct a verdict, it having no power to judge of the sufficiency of the evidence, nor of which of conflicting tendencies of evidence should be adopted.—*Amerson v. Corona C. & I. Co.,* 194 Ala. 175, 69 South. 601; *Tobler v. Pioneer M. & M. Co.,* 166 Ala. 517, 52 South. 86; *A. C. L. R. Co. v. Jones,* 9 Ala. App. 499, 63 South. 693.

(4) The testimony of defendant's agent, Williamson, on whose negligence the two counts are based, was to the effect that: "He was a freight conductor on July 30, 1914, and remembered the accident at Burkville, and plaintiff had been working for him four or five days. Witness had been working about ten years handling freight; that when they got to Burkville he told the negroes that there was a barrel of oil to unload; that witness knew the barrel was heavy and weighed a little over 400 pounds; that plaintiff had only been working four or five days, and he was a little afraid of him, afraid he could not manage it, and asked Tom, the plaintiff, if he thought he could lift it, and plaintiff said yes; that they opened the door, and he told Tom, the plaintiff, it was pretty heavy, but if he thought it was too heavy, witness would get some help, but plaintiff said, 'No; I can handle it all right;' that he rolled the barrel to the door, and the two negroes were on the ground, and he called to some boy on the platform to come and help. Witness rolled the barrel to the door and balanced it up against the door, but did not push the barrel out, and he did not have much confidence in Tom, and was afraid he couldn't handle it," etc.

The witness, Dan Hill, testified that: "When the plaintiff got the oil to the door and got it balanced in the door, and ready to take it out, the conductor said, 'You cannot look it out, you've got to take it out.' At that time, plaintiff jumped down, on the ground, and he and the other negro got hold of the barrel by the end, and the barrel was already just about balanced, and the conductor sort of pushed the other end of the barrel, and the two negroes started to lift it down, and it looked like it was too much weight, and just about that time they got it started down good, the plaintiff began to tremble in his knees, and it went down on him, and broke his leg."

This testimony was corroborated by that of Green Daniels. Plaintiff's statement of the facts on this point was: "That when he was hurt his conductor was Mr. Williams, and that he was supposed to obey his orders, as he was his superintendent and boss. That when they got to Burkville, Mr. Williams told him they had a barrel of oil, and for him and the other negro to break the seal of the car. That this was done. That they shoved the door open, and Mr. Williams got up in the car. That plaintiff also got up in the car and rolled the barrel to the door, and twisted it around and balanced it in the middle, and Mr. Williams

said, 'How are you going to roll it out?' I said, 'I don't know;' he says, 'You can't look it out; G——— d——— it; get down and help take it out;' and he, plaintiff, jumped on the ground, and he and the other negro got hold of the barrel. That at that time, Mr. Young was standing in the store door, and said, 'You had better wait, and get some help.' That Mr. Williams said: 'Get hold of it; we ought to be leaving Lowndesboro; we have never gotten there'—and shoved the barrel right on out, and it was too heavy, and came down, and fell on his leg and broke it," etc.

The question of the conductor's negligence in pushing or shoving the barrel, or permitting it to strike the plaintiff, while it was being unloaded, was a consideration for the jury under both counts of the complaint. There is no merit in the contention that the one who shoved or pushed the barrel did not permit the barrel to move. The application of active force not only permitted it to go as it did, but assisted it to do so, to plaintiff's injury.

(5) The further insistence of the appellant is that there was no proof that at the time of the injury complained of both appellant and appellee were engaged in an act of interstate commerce. The request for the affirmative charge as to the several counts raised the inquiry whether plaintiff was, when injured, in the performance of interstate commerce.—*L. & N. R. R. Co. v. Carter*, 195 Ala. 655. The true test always is: Was the work or act in question a part of the interstate commerce in which the carrier was engaged?—*N. Y. Cent. & H. R. R. Co. v. Carr*, 238 U. S. 260, 35 Sup. Ct. 780, 59 L. Ed. 1298; *McCall v. California*, 136 U. S. 104, 10 Sup. Ct. 881, 34 L. Ed. 391; *Mondou v. N. Y., N. H. & H. R. Co.*, 223 U. S. 6, 32 Sup. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44; *Zikos v. Oregon R. & N. Co.* (C. C.) 179 Fed. 893; *Cent. R. Co. v. Colasurdo*, 192 Fed. 901, 113 C. C. A. 379; *Darr v. B. & O. R. Co.* (D. C.) 197 Fed. 665; *N. P. R. Co. v. Maerki*, 198 Fed. 1, 117 C. C. A. 237; Roberts' Injuries, Interstate Employees, § 29; *L. & N. R. R. Co. v. Carter, supra; A. C. L. R. Co. v. Jones*, 9 Ala. App. 499, 63 South. 693; *Ex parte A. C. L. Ry. Co.*, 190 Ala. 132, 67 South. 256. In the *Carter Case, supra*, this court recently said, on the application of the statute: "Such relation exists not only when the injured employee's service was in or about the act of transporting persons or things, but also when his service was in or about the maintenance or repair of agencies

[Western Railway ·of Alabama v. Mays.]

already devoted to or immediately capable of facilitating some essential feature of interstate commerce."

(6) On the trial the plaintiff introduced in evidence the answer to interrogatories propounded under the statute to the defendant. In this answer the defendant said: "On July 30, 1914, this defendant was engaged in interstate commerce, and the train on which the plaintiff was working at the time he received his injury was engaged in interstate commerce. It had 26 cars, 15 of which were empty, 5 of which had interstate shipments and 6 intrastate shipments."

The appellant's witness Young testified that the barrel of oil the plaintiff was unloading had been shipped to witness from Cleveland, Ohio. This was sufficient to discharge the plaintiff's burden of proof that he was injured in the service of interstate commerce. The train transporting the barrel of oil moved as a whole, and one employed in removing freight from a train engaged in interstate commerce is, of necessity, in such act, engaged in interstate commerce.—*N. Y. C. & H. R. R. Co. v. Carr, supra;* and the authorities collected in notes, 47 L. R. A. (N. S.) 52; Roberts, Injuries to Interstate Emp., 67 et seq.; Doherty, Fed. Employer's Liability Act, 84 et seq.

(7) Under the Federal Employer's Liability Act, any contributory negligence of appellee in attempting to unload the barrel obviously too heavy for him would not "bar a recovery" of appellant for the negligence of its conductor as averred. The act requires only that: "The damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee."—Thornton's Federal Employer's Liability Act (3d Ed.) p. 129, § 71.

Section 3 of the act (U. S.) Comp. St. 1913, § 8659) falls within the class of legislation finding authority in the exercise of a reasonable police power in regulating the relation of master and servant, and is conceded to be constitutional.—*Kelly v. Great Northern Ry. Co.* (C. C.) 152 Fed. 211. Hence the affirmative charge could not be given on this ground.

(8, 9) The sixth, seventh and eighth assignments of error challenge the refusal of the trial court to give to the jury charges 16, 17, and 19. Charge 17 is misleading in assuming that plaintiff "knew that injury would probably result to him in so doing." Charges 16 and 19 are faulty in assuming, as a matter of law, that the warning was sufficient notice to plaintiff of danger, and

[Western Railway of Alabama v. Mays.]

was sufficient to cause plaintiff to appreciate the danger, no matter how negligible the source of warning. Moreover, these charges are based on the assumption of risk; and they are fully covered in the given charges 13 and 14.

The ninth and tenth assignments of error relate to the refusal of the court to grant a new trial. The preponderance of the evidence supports the verdict and judgment.

The seventeenth ground of defendant's motion for a new trial is: "For that the plaintiff's counsel, in arguing to the jury about one of defendant's witnesses who had testified, said: 'He could not remember what had been told him; he could not remember what had been drilled into him'—to which statement the defendant then and there duly and legally objected. Plaintiff's counsel thereupon said, 'I withdraw that and apologize.' Whereupon defendant then and there duly and legally excepted."

(10, 11) The defendant's counsel did not move the court to exclude the argument, and in the absence of such a motion there is nothing to review. This improper statement, tending strongly to discredit the witness in the eyes of the jury, was made by counsel in the ardor of argument; but on objection of opposing counsel it was promptly and properly withdrawn, with an apology. The court was not called upon, under such circumstances, to specifically exclude the remark, or to instruct the jury thereon, or to reprove the offending counsel.

In *B. R., L. & P. Co. v. Drennen,* 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037, this court voiced disapproval of such "illegitimate argument" of plaintiff's counsel, which plaintiff's counsel had failed to withdraw, and the erroneous impression of which, on the minds of the jury, counsel had failed to attempt to correct. The several cases collected in the *Drennen Case* correctly state the duty of the court, and the duty of the respective counsel, as to such improper remarks in argument.

In this case, the prompt withdrawal of, and apology for, the improper remark by counsel was as complete an atonement therefor as could well be made. The court correctly overruled the motion for a new trial on this, and the other grounds assigned.

The judgment of the court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.