(86 South. 469)

## JACKSON v. VAUGHN. (6 Div. 935.)

(Supreme Court of Alabama. Jan. 15, 1920. Rehearing Denied Oct. 21, 1920.)

1. **Pleading ⊕═20—Allegations that defendant automobile driver inflicted injury negligently or wantonly sufficient.**

In a personal injury action against an automobile driver, allegations that defendant caused the injuries either wantonly or through negligently managing his automobile are sufficient.

2. **Negligence ⊕═112—Wanton injury insufficiently pleaded.**

Where plaintiff undertakes to state the facts constituting willful injury, allegations that the injury was under such circumstances that defendant knew his conduct would likely cause injury to some one, etc., *held* an insufficient statement of the facts relied upon to show wanton injury.

3. **Evidence ⊕═555—Expert testimony regarding speed of automobile admissible.**

In an automobile accident case an expert's opinion as to the speed an automobile must have been going when it started to skid, based upon the distance it skidded, etc., is admissible.

4. **Evidence ⊕═314(1)—Inquiry as to whether place of accident was indicated to witness objectionable as hearsay.**

In an automobile accident case, a question whether any one had pointed out to witness the place where the accident occurred was objectionable, because tending to elicit hearsay testimony.

5. **Evidence ⊕═471(17)—Question whether automobile driver was careful improper.**

In an automobile accident case, question as to whether witness knew that an automobile driver was careful or reckless was improper, because calling for a conclusion of fact.

6. **Municipal corporations ⊕═706(4)—Testimony as to signals by defendant automobile driver on other occasions inadmissible.**

In an automobile accident case testimony that defendant always blew his horn in turning around corners was inadmissible to show that he gave proper alarm at the time and place of the accident.

### On Rehearing.

7. **Appeal and error ⊕═1170(1)—Reversal granted only for substantial error.**

Under Supreme Court rule 45 (61 South. ix [1]), a judgment in a civil case will not be reversed for an error in pleading or practice, unless substantial rights have probably been injuriously affected thereby.

8. **Appeal and error ⊕═1170(3)—Improper overruling of demurrer may be cured by proof and court's charge.**

Ordinarily, where a demurrer to a complaint not fatally defective has been erroneously overruled, the judgment will not be reversed under Supreme Court rule 45 (61 South. ix [1]) on this account, if the court instructed the jury regarding the omitted allegation, and the record shows evidence tending to prove such allegation.

9. **Appeal and error ⊕═1170(3)—Insufficient allegation of wanton injury not cured by charge.**

In an automobile accident case, the error in overruling a demurrer to a count which insufficiently alleged facts constituting defendant's alleged wanton acts was not cured under Supreme Court rule 45 (61 South. ix [1]) by an instruction that there could be no recovery on the count unless the injury was wantonly inflicted, where the court also charged that wantonness did not necessarily involve ill will or an actual desire to injure.

Appeal from Circuit Court, Jefferson County; H. A. Sharpe, Judge.

Action by Joseph V. Vaughn, Jr., pro ami, against F. M. Jackson, Jr., for damages for injuries sustained in an automobile collision. Judgment for the plaintiff, and defendant appeals. Reversed and remanded.

Count 2, as amended, reads as follows:

Plaintiff claims of defendant $10,000 damages, for that heretofore, on, to wit, April

14, 1918, plaintiff was a traveler on a bicycle upon a public highway in the city of Birmingham, Ala., when he was run over, against, or upon by an automobile then and there being operated by said defendant, and plaintiff was bruised and made sick and sore and his skull was fractured, the bones of his leg were fractured, his jaw bone was broken, he suffered great physical pain and mental anguish, his nervous system was impaired, and he was permanently injured.

Plaintiff alleges that the defendant willfully, wantonly, or intentionally inflicted said injuries upon said plaintiff by willfully, wantonly, or intentionally causing said automobile to run over plaintiff or upon plaintiff under such circumstances as that he knew that his conduct would likely or probably cause great personal injury to some one.

Beddow & Oberdorfer and W. H. Woolverton, all of Birmingham, for appellant.

Counsel discuss the errors assigned after the pleading, but without citation of authority. Counsel also discuss the other assignments of error, as to the refused charges and charges given for the plaintiff, with citation of authority; but, in view of the opinion, it is not deemed necessary to here set them out.

Arlie Barber and Harsh, Harsh & Harsh, all of Birmingham, for appellee.

Count 2 was sufficient and not subject to the demurrers. 179 Ala. 358, 60 South. 833; 190 Ala. 290, 67 South. 516; 197 Ala. 367, 72 South. 641; 181 Ala. 517, 61 South. 281; 168 Ala. 619, 53 South. 76; section 5322, Code 1907. Counsel discuss other assignments of error; but, in view of the opinion, it is not deemed necessary to here set them out.

THOMAS, J. Appropriate demurrer and assignment of error challenges the overruling of demurrer to count 2 as amended.

[1] The question presented for decision was introduced by the amendment of the count in striking therefrom, after the words "causing said automobile to run over plaintiff or upon plaintiff," the words "knowing or having good reason to know that plaintiff would be injured thereby," and inserting in lieu thereof the words "under such circumstances as that he knew that his conduct would likely or probably cause great personal injury to some one." As to this, the duty to act being averred, good pleading did not require plaintiff to do more, by way of conclusion, than aver that the injury was inflicted by reason of the negligence of said defendant in the management or control of said automobile (Wilson v. Gulf States Steel Co., 194 Ala. 311, 69 South. 921; T. C., I. & R. R. Co. v. Moore, 194 Ala. 134, 140, 69 South. 540; Western Ry. of Ala. v. Mays, 197 Ala. 367, 370, 72 South. 641; Dwight Mfg. Co. v. Holmes, 198 Ala. 590, 73 South. 933, 935; South Brilliant Coal Co. v. McCollum, 200 Ala. 543, 76 South. 901; Republic Iron & Steel Co. v. Harris, 202

Ala. 344, 80, South. 426; Coosa-Portland Cement Co. v. Crankfield, 202 Ala. 369, 80 South. 451; Sloss-Shef. S. & I. Co. v. Triplett, 177 Ala. 258, 58 South. 108; Yarbrough v. Carter, 170 Ala. 356, 359, 60 South. 833; Smith v. Watkins & Donelson, 172 Ala. 502, 55 South. 611; Republic Iron & Steel Co. v. Williams, 168 Ala. 613, 53 South. 76; B. R., L. & P. Co. v. Weathers, 164 Ala. 23, 51 South. 303); or was wantonly inflicted.

[2] Undertaking further to aver the quo modo of wanton or willful injury of plaintiff by defendant, the facts so averred must show wanton or willful conduct on the defendant's part. The averment that defendant inflicted said injuries upon "plaintiff by willfully, wantonly, or intentionally causing said automobile to run over plaintiff * * * under such circumstances as that he knew that his conduct would likely or probably cause great personal injury to some one" falls far short of the averment of fact showing a willful or wanton act of defendant in causing his said automobile to injure plaintiff. The shorthand statement of fact that the injury was "under such circumstances" as that the defendant "knew that his conduct would likely or probably cause personal injury to some one" was far afield from a statement of fact indicating what were the circumstances—of defendant's willful or wanton "conduct" in question—at the time and place, that proximately resulted in the personal injury to plaintiff, of which complaint is made. Knight v. Tombigbee Valley R. R. Co., 190 Ala. 140, 142, 67 South. 238; Johnson v. B. R., L. & P. Co., 149 Ala. 529, 533, 43 South. 33; Birmingham Ore & Min. Co. v. Grover, 159 Ala. 276, 48 South. 682; Sou. Ry. Co. v. Weatherlow, 153 Ala. 171, 44 South. 1019; Republic Iron & Steel Co. v. Williams, supra, 168 Ala. 619, 53 South. 76; West. Ry. of Ala. v. Mays, supra; B. R., L. & P. Co. v. Wilcox, 181 Ala. 512, 61 South. 908; B. R., L. & P. Co. v. Frazier, 14 Ala. App. 269, 270, 69 South. 969. For this reason count 2 comes within the class of condemned counts, for insufficiently attempting to set forth the facts relied upon to show wanton or willful injury, when the facts averred do not support the conclusion of the pleader as to such wantonness or willfulness. Knight v. Tombigbee Valley R. R. Co., supra; Yarbrough v. Carter, supra.

[3] Several exceptions were reserved to the introduction of evidence that may not be presented on a second trial. It is sufficient to say that witness Morris, being qualified to give an expert opinion (Miller v. Whittington, 202 Ala. 406, 80 South. 499, 503; B. & A. Ry. Co. v. Campbell, 203 Ala. 296, 82 South. 546), may answer how fast such car was proceeding, skidding, the distance indicated and under conditions stated.

[4] The sixth assignment is that reversible error was committed in overruling the objection to the question propounded to witness J. F. Knox:

"Did anybody point out to you the points where the boy was standing, or where he was struck, or anything of that kind?"

This interrogatory, without more, had a tendency to elicit hearsay evidence.

[5] The question propounded to Miss Gladys Carr: "Do you know whether or not he was a careful driver, or a reckless driver?" called for a conclusion of fact that is not permitted in this jurisdiction. Houston v. Elrod, 203 Ala. 41, 81 South. 831; Knowlton v. Cent. of Ga. Ry. Co., 192 Ala. 456, 459–460, 68 South. 281; L. & N. R. R. Co. v. Bogue, 177 Ala. 349, 356, 58 South. 392; Sou. Ry. Co. v. Stollenwerck, 166 Ala. 556, 563, 52 South. 204.

[6] The fact that defendant "always blew his horn in turning around the corner" was not permissible to show that he did give proper alarm of approach at the time and place of the accident.

A discussion of the right of the road as regards vehicles passing each other was given in Morrison v. Clark, 196 Ala. 670, 72 South. 305.

For the error we have indicated, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.

## On Rehearing.

THOMAS, J. [7, 8] If an error has intervened in any matter of pleading or procedure in any civil case, the judgment following will not, on this account, be reversed, unless the court be of the opinion, as a matter of fact, that this error has probably injuriously affected substantial rights of the parties complaining. Supreme Court rule 45 (175 Ala. xxi, 61 South. ix). Under the mandate of this rule the fate of any judgment in a civil case that is tainted with error in the pleadings or procedure leading thereto is dependent upon what is disclosed by the entire record in that particular case. That is to say, each case stands upon its facts, and, of necessity, no iron-clad principle can be announced of the construction to be placed on this rule. However, we may say that under it our court has declared generally that if a complaint (not so fatally defective that a judgment based thereon would be arrested on motion) or a plea in a civil cause be defective for the reason that a necessary allegation is omitted, and a demurrer pointing out this defect has been improperly overruled, the judgment following will not be reversed on this account if the entire record discloses that the trial court by an appropriate charge instructed the jury specifically as to the necessity of proving the omitted allegation, and the record further shows that this omitted allegation was proved and considered. Best Park & Am. Co. v. Rollins, 192 Ala. 534, 68 South. 417, Ann. Cas. 1917D, 929; Vance

204 ALA.—35

v. Morgan, 198 Ala. 149, 73 South. 406; Clinton Min. Co. v. Bradford, 200 Ala. 308, 76 South. 74, 78; Southern Ry. Co. v. Harris, 202 Ala. 263, 80 South. 101, 104; Birmingham So. Ry. Co. v. Goodwyn, 202 Ala. 599, 81 South. 339, 341; Ex parte Minor, 203 Ala. 481, 83 South. 475.

[9] Under the instant evidence the trial judge made plain in his oral charge that there could be no recovery on the willful and wanton count, unless the jury found that defendant willfully, wantonly, or intentionally inflicted the injuries averred upon plaintiff. Instructing the jury under this count, the court said:

"Now, the wrong alleged in this complaint is of two kinds; one that the injury was caused by the negligent conduct of the defendant, and the other that it was caused by the willful, wanton, or intentional act of the defendant. * * * If the defendant was guilty of a wrong of that grave degree, and inflicted these injuries wantonly, intentionally, or willfully, then the fault of the plaintiff, if he was in fault in being on the wrong side of the street, would not bar his recovery. It is only as against the negligence of the defendant that contributory negligence would be a bar. Now, you know what it is to intentionally inflict an injury, and if an injury be intentionally inflicted, contributory negligence could not be interposed as a defense, but short of an intentional infliction of an injury—that is, an injury inflicted wantonly or willfully—and that might occur where a thing is done through recklessness, and with a consciousness that the doing of the thing will produce or inflict injury upon another, and the persistence in the doing of the thing with reckless indifference as to consequences, now, that might happen where one drives an automobile at an unduly rapid rate of speed in a place and at a time and under circumstances where he must have known that injury would probably result to somebody from such speed, and the persistence in that conduct until the injury had been inflicted. That is what may be denominated as wantonness or willfulness but this defendant cannot be held guilty of a wrong in that degree, nor cut off from the alleged defense of contributory negligence on the part of the plaintiff, unless he was actuated by intentional, or wantonness, or willfulness, within the meaning of those terms, such as I have already defined to you. If you do not find that the defendant inflicted the injury willfully, wantonly, or intentionally, that will bring you back to the question of whether he was negligent, and in that way inflicted the injury, and to the further inquiry as to whether or not the plaintiff was himself guilty of negligence, contributing proximately to his injury."

However, it cannot be said that the error committed in overruling the demurrer to count 2 was brought within the rule of Best Park & Am. Co. v. Rollins, supra, by the giving of the foregoing charge by the court, when it is noted that plaintiff requested in writing, and was given, charge denominated C as follows:

"Wantonness does not necessarily involve any ill will toward plaintiff or any actual desire to injure him or any one else, and if the jury are reasonably satisfied from the evidence that defendant wantonly caused the injury as complained of in the second count of the complaint as amended, then the jury must find for plaintiff whatever negligence plaintiff may have been guilty of, and whether or not defendant discovered plaintiff in any peril. H. A. Sharpe, Judge."

The question propounded to witness Morris:

" * * * In your judgment, if a car of that kind (Buick 6) was going west on 5th avenue and turned around going into Eighteenth street to go north on Eighteenth street, on a dry day there on that pavement, and it skidded and dragged, that is, skidded forward with the wheels locked for 22 feet 1 inch, how fast in your judgment must the machine have been going when it started to skid?"

—was not subject to the objection made "on the ground it had not been shown that the witness was an expert on that question."

The application for rehearing is denied.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.

─────────

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes